# Lessee of Henry Bowman *against* Martin Fry.

Vendees under sheriffs, or auditors under the attachment law, shall not be put to the same proof in ejectment, as in common cases where the debtor has been in possession; the *onus probandi* shall lie in the adverse party.

THE lessor of the plaintiff by several mesne conveyances showed a title in himself to 12 acres of land, being the premises in question, in Earl township.

*The defendant proved by William Smith, that during his sub-lieutenancy in the militia, he called on [*22 Henry Bowman for his substitute fine, and was told by him that he had sold a piece of land (meaning the land in controversy) to his brother Martin Bowman, and he would pay the fine for him, which was done accordingly; that the said Martin cultivated the lands for some time, and afterwards absconded; that the 12 acres were attached with other lands by the sheriff upon process out of the court of Common Pleas, and publickly sold at vendue as the said Martin's, no person appearing to claim the same, or making any objection thereto.   The deed from the auditor to the defendant for 3563⁄4 acres (including the lands in question) dated 3d June, 1786, in consideration of 600l. was also shown to the court and jury.

Shippen, J., in giving his charge, said, the case of a purchaser under a sheriff or auditors by virtue of an attachment, is materially different from the common cases of persons buying lands from individuals, nor does the law expect the same regular titles to be shewn in the former as in the latter instances.   It is evident that the debtor keeps his deeds in his own possession, and seldom can they be obtained from him. The policy of the law therefore declares, and it is consistent with the plainest common sense, that wherever the debtor appears to have been in possession of lands, which are afterwards sold by due course of law, that the burthen of the proof shall lie on the person who sues to recover the same; and he shall be put to account how such debtor came into possession, and under what title or pretext thereof, or claim, he obtained such possession, and also shew a notoriety of claim on his part, previous to the sheriff's sale.   Unless this can be done

[Bowman *v.* Fry.]

to the satisfaction of the jury, a verdict should be giver against such plaintiff:

Which was accordingly given in the present suit.

Mr. C. Smith, *pro quer.*   Mr. Kittera, *pro def.*

*23]  *John Miller, esq., late sheriff, *against* John Hayman.

A party interested will be admitted as a witness for the sake of trade and the common usage of business.  So an agent, factor or attorney, bidding for another, may prove his own power.

ASSUMPSIT.  The plaintiff, as late sheriff of Lancaster county, declared on two counts against the defendant for 436l. on a sale of a house and four lots of ground in the borough of Lancaster, late the property of Jacob Reigart.  The first was a special assumpsit, stating the plaintiff's being sheriff, the different executions issued, the property levied on, advertised and sold to defendant, the same being struck off to Joseph Hubley, esq., his attorney, specially authorised for that purpose.  The second was a count on mutual promises, that upon a communication had between them, the defendant had agreed to purchase for 436l., that the plaintiff had tendered him a deed, but that the defendant did not comply with his promise, &c.

Joseph Hubley, esq., was offered as a witness on the part of the plaintiff, and was excepted to on the score of interest. It was said he might lose by the event of the suit, because, if the plaintiff did not recover in the present action, he might recur to the witness on his bid.  It was also said that his authority to purchase as an agent must be proved by other testimony, and that this point had been determined at *Nisi Prius* at Lancaster, May assizes, 1788, in the case of Samuel Cunningham *v.* William Galt, *et al.*, where it was held that John Whitehill should not be received to testify that he was appointed the agent of the plaintiff, to receive certain moneys due to him from the Presbyterian congregation of Pequea: that the cases of factors put in the books were chiefly sales by factors, which are readily distinguished from the present suit; and that no man could be safe if this practice was gone into.  A servant of the most prudent master may at any time charge his master to any amount by his own oath.  He may take up goods to any value, swear that his master gave him the orders to purchase, and if other proof was not necessary to prove his authority, no precautions whatever could guard against the mischiefs which must necessarily be hereby introduced.