## YATES *vs.* ST. JOHN & VAN ALSTYNE.

A purchaser of *personal property* at sheriff's sale cannot maintain an action of *trover* against a plaintiff who subsequently causes the same property to be sold by virtue of a judgment and execution in his favor, without prov-ing the *judgment* as well as the *execution* under which his purchase was made.

THIS was an action of *trover*, tried at the Montgomery cir-cuit in May, 1831, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff, *Evert Yates*, proved that in May, 1830, he purchased at a sheriff's sale, by virtue of three executions against the goods, &c. of *Cristopher E. Yates*, two fields of winter wheat and one field of rye then growing, and also cat-tle, farming utensils, &c. and that after the grain was har-vested and put into the barn, to wit, in *November*, 1830, Van Alstyne, by the direction of St. John, sold the same at public auction, together with the other articles of property purchas-ed by the plaintiff.   The plaintiff, after proving the value of the property, rested.   The defendants proved a judgment in favor of St John, against *Christopher E. Yates*, for $500, ren-dered in *July*, 1830, and an execution issued thereon and de-livered to Van Alstyne, a deputy sheriff, under which he al-leged he sold the property ; and insisted, after such proof, that the plaintiff was not entitled to maintain his action, unless he proved the judgments upon which the executions issued,

under which he claimed title. The judge being of that opin-
ion, and the plaintiff not exhibiting such proof, a nonsuit was
directed to be entered ; which was now moved to be set aside.

NEW-YORK,
May, 1834.

Yates
v.
St. John.

*D. Cady*, for the plaintiff. In an action by the sheriff
against the defendant in the execution, it would not have been
necessary to have shown the judgments under which the sale
was had, nor was it necessary in this case, where the suit
was brought by ·a purchaser who stood in the place of the
sheriff, against the defendants who claimed under the original
defendant, by title acquired subsequent to the sale at which
the plaintiff acquired his rights. In support of these positions
he cited 2 Johns. R. 46 ; 6 id. 195 ; 7 id. 32 ; 12 id. 395 ; 16
id. 106 ; W. Black. R. 69 ; 1 Ld. Raym. 730 ; 6 Bacon's Abr.
589 ; 8 Com. Law R. 298.

*M. T. Reynolds*, for the defendant. In the cases cited, the
action was either *by* the officer, or *against* the defendant in the
execution, where it is conceded it is not necessary to show the
judgment. But this rule has never been extended *to a pur-
chaser* who in the case of *real estate* always is required to show
a judgment, and no reason can be assigned why, when the
property is personal, he should not be held to the same strict-
ness. Besides, here the action is against third persons, show-
ing a perfect title by judgment and execution, which should
prevail until a better and elder title is shewn.

*By the Court*, SAVAGE, Ch. J. The only question is wheth-
er it was necessary for the plaintiff to·produce the judgments
to support the executions under which he purchased ? The
cases referred to show, that in trespass against an officer for
taking goods in execution, brought by the *defendant* in such
execution, the officer need not prove a judgment ; but in tres-
pass by a *stranger* he must. 1 Ld. Raym. 733. 6 Johns. R.
196. 5 Burr. 2633. In *Doe* v. *Smith*, 2 Starkie's N. P.
Cas. 175, it was held in ejectment that a lessor who purchas-
es at sheriff's sale upon judgment and execution in his own
favor, must show the judgment as well as the execution.
And in *Glasin* v. *Eve*, 8 Com. Law R. 298, it was decided that

a plaintiff who made title to goods by means of an execution in his own favor, in a suit against assignees, must show the judgment as well as the execution. The judgment is a part of the title, and should be shown. It is true that as against the defendant in the execution, it is not necessary to produce the judgment, because he is the party to the record. It is contended that all who claim under him stand in the same situation. This last proposition seems to have been denied in the case last cited. The execution may have been *prima facie* sufficient, but when the defendant St. John showed himself a *bona fide* purchaser of property in possession, as I infer, of the former owner, the plaintiff was called on to show a complete title. The defendants in this suit, I apprehend, do not stand precisely in the situation of the defendant in the execution, in relation to the plaintiff. These parties both claim the property as once owned by C. E. Yates, and claim adversely to each other. The defendants in this suit are neither parties nor privies to the execution under which the plaintiff purchased.

Motion to set aside nonsuit denied.