EDGAR J. PORTER, *et al.*, v. MARGARET WELLS, *et al.*

1. EVIDENCE—DEED—*When Inadmissible.* A deed executed after the commencement of an action for the recovery of real property, cannot be introduced in evidence at the trial of such action to support the allegations of a petition filed before the execution of the deed.

2. ——— *Judicial Sale.* Parol evidence is not competent to prove a judicial sale.

3. ——— *Sheriff's Deed, executed in a Foreign State, not evidence of a valid sale.* A sheriff's deed executed in Missouri for land in that State, is not, without further proof, competent evidence in this State to prove a valid sale and conveyance of said land.

*Error from Johnson District Court.*

EJECTMENT, brought by the defendants in error, as the widow and children, and heirs at law, of George W. Wells, deceased, to recover 160 acres of land in Johnson county. The petition alleged that the plaintiffs were "seized in fee" of the said lands and tenements, "and that they are entitled to the possession thereof, and

that said defendants (*Edgar J. Porter* and *Susan*, his wife,) unlawfully keep the said plaintiffs out of possession thereof." The petition also alleged that the defendants had been in possession, receiving the rents, issues, and profits, and judgment was demanded for the recovery of the possession, and for damages. The answer of the defendants admitted possession, and claimed the same in right of the defendant *Susan Porter*, as an heir-at-law of John Poe, deceased; and it alleged that the said John Poe acquired title to said lands, by the purchase thereof from the said Geo. W. Wells, in November, 1859, for the sum of $3,500, all of which had been paid, a portion by the conveyance by said Poe to said Wells of 160 acres of land lying in Johnson county, Missouri, and the residue in money; and that at the time of said purchase said Wells gave to said Poe a certain title bond, reciting the said sale, and covenanting to convey by deed, etc. The plaintiffs replied, admitting the agreement to sell and execution of the title bond by Wells to Poe, but alleged that the lands in Missouri, conveyed by Poe to Wells were subject to a lien for certain indebtedness of the former, and that 120 acres of said Missouri lands were subsequently sold under judicial proceedings to satisfy said lien, and were thereby wholly lost to the said Wells, and the said plaintiffs as his heirs.

The petition was filed in October, 1868. The cause was tried by the court at the October Term, 1869. So much of the evidence and proceedings as were objected to, are stated in the opinion of the court. The findings and judgment were in favor of the plaintiffs, and the defendants bring the case here by petition in error.

*Thacher & Banks,* for plaintiffs in error :

1. The court erred in admitting improper evidence. The deed of date March 4, 1869, having been executed after the action was brought, was incompetent. 1 Greenl. Ev., § 51.

In order to recover in ejectment, the plaintiff must prove *first*, that he had title at the time of the demise laid. Adams on Ej., 37, 43; 6 Binn., 454; 11 Miss. 481; 5 Har. & J., 164.

A deed from lessor of plaintiff, made after the suit is brought, is *in*admissible to defeat the plaintiff's recovery. Ohio Cond. R., 271; 3 McLean, 302.

The court erred in admitting the testimony of Margaret Wells. The fact sworn to, in its very nature can be proved only by documentary evidence. It pertains to a *sale of land.* The rule requires the production of the best evidence. 1 Greenl. Ev., §§ 82, 84, 85, 86.

The court erred in admitting in evidence the sheriff's deed of sheriff of Jackson county, Mo. If a deed purport to have been executed under a power, and is sought to be used in evidence, the *power* must be shown. 2 Phil. Ev., 472. This rule applies to deeds executed under a power derived from a court. 11 Wend., 425; 5 Hamm. 370 ; 6 Mart., Lou., 347 ; 2 Gill & Johns., 114.

The same doctrine is extended to sheriffs' deeds. 2 Phil. Ev., 473; id., 363, note 383; 11 Wend. 422; 4 Wheat., 77; 4 Cranch, 403 ; 5 Hayw. (Tenn.) 90 ; 7 Cow., 88; 7 Hamm., 153.

2. The court erred in its findings of fact, that on the 26th of November, 1859, there was a lien existing against the lands in Jackson county, Mo., previously given by John Poe, and that said lands were sold under said lien.

The recitals in the sheriff's deed, if admissible, prove nothing; nor do they supersede the necessity of proof of the power to execute the deed. 2 Phil. Ev., 475; 3 Yerger, 308.

There was error also, in the finding that the plaintiffs below had elected to treat the contract for conveyance as a nullity, and that they had a right so to treat it. A contract will not be rescinded unless both parties can be restored to their original condition. The party seeking to .rescind must not be in default, and must restore or tender a restoration to the defaulting party so as to place him in the same condition he occupied before making the contract. *Stewart v. Ludwick*, 29 Ind., 230.

There was no evidence showing that Wells ever had title to the lands in question, and the judgment should have been for the defendants.

*Wilson Shannon*, for defendants in error :

1. The record shows the land in question was patented to McCamish; that McCamish and wife conveyed the west half of the quarter to George W. Wells, April 3, 1858; that McCamish conveyed the east half of the quarter to Hargous and George W. Wells, April, 1858; then, that Hargous and wife quit-claimed to the heirs of Wells, all his interest in the east half of the quarter on the 4th March, 1869.

It is claimed that it was error to admit the last deed, because it is dated after the commencement of the suit. This deed did not affect the right of the plaintiffs below, to recover. They were entitled to recover without regard to this last deed. At most it could only affect the *quantity* of land the plaintiffs were entitled to recover. The

plaintiffs below were not bound to produce any paper title.

By the statute law of Missouri, a sheriff's deed must recite the names of the parties to the execution, the date when issued, the date of the judgment, order, or decree, and other particulars as recited in the execution; also, a description of the property, the time, place and manner of sale, "which recital shall be received as evidence of the facts therein stated."

The courts of this State will give to the sheriff's deed of Jackson county, Missouri, the same credit and effect that is given it in Missouri. See Gen. Stat. of Missouri, 1865, p. 646, §§ 54, 57, title, "Executions." The same provisions were copied into our Statutes of 1855, pp. 356, 357, §§ 49, 54.

This case was correctly decided by the court below, both according to law and equity, and should not be disturbed. 9 Wallace, 291, 292.

The opinion of the court was delivered by

VALENTINE, J.: The defendants in error commenced this action in the court below to recover from the plaintiffs in error the northeast quarter of section No. 32, in Township No. 14, of Range No. 22, in Johnson county. The action was tried by the court, a jury being waived, and, the court made special findings of fact, and rendered a judgment on such findings in favor of the plaintiffs below and against the defendants for the recovery of said property, and costs. The defendants complain of such judgment, and seek in this court to have it reversed.

I. There are several assignments of error, and some of them are well founded. The first error complained of is, that the court allowed the plaintiff below to introduce in evidence at the trial, a deed to themselves for a portion of the land in controversy, which deed was executed after the suit had been commenced. This of course was error. 2 Greenl. Ev., § 304; Adams on Ej., (4th Ed.) 37, 43, 318;) and a material error, for said deed was the only evidence the plaintiffs had to prove title to a portion of the land. The petition of the plaintiffs alleged that the plaintiffs were, at the time the petition was filed, the owners of the land and entitled to the possession thereof, and not that they expected at some future time to become the owners. Upon the allegations of said petition the defendants joined issue; and it devolved upon the plaintiffs to prove the allegations of their petition. A deed executed after the petition was filed was no evidence at all that the plaintiffs owned the land when the petition was filed. " The first rule governing in the production of evidence is, that the evidence offered must correspond with the allegations, and be confined to the point in issue:" 1 Greenl. Ev., § 51.) This rule was violated by the introduction of said deed. It did not tend to prove any issue made by the pleadings. If the plaintiffs desired the benefit of any rights that may have accrued to them subsequently to the filing of their petition, they should have filed a supplemental petition under section 144 of the code, (Gen. Stat., p. 655,) setting up such rights; then the defendants could have been prepared to meet the new issues.

1. EVIDENCE— deed executed after suit brought.

II. The next error complained of is, that the court permitted a witness, Margaret Wells, to testify "that she and her family moved from said land," meaning certain land in Missouri, "because one hundred and twenty acres of said land in Jackson county, Missouri, had been sold to pay the debts of Mr. Poe; that the purchasers of said land had told her they wanted the land." This also was error. It was an attempt to prove by parol evidence what could be proved by record evidence only. John Poe, under whom the defendants below claim to hold the land in controversy, traded certain land in Missouri to Geo. W. Wells, under whom the plaintiffs below claim, for the land in controversy. The plaintiffs claim that at the time of the exchange of said lands Poe owed certain debts, which were a lien on said lands in Missouri, and that the same was sold to satisfy said debts, and that in consequence thereof the plaintiffs were evicted, and had to remove therefrom. The evidence of Margaret Wells was introduced to prove these facts; and it was certainly incompetent. If the land was sold to pay Poe's debts, it must have been sold by some kind of judicial proceedings, and the record of such proceedings would be the best evidence.

A sheriff's deed was also introduced by the plaintiffs to prove these same facts. That is, to prove that the said land in Missouri was sold to pay Poe's debts, and the consequent eviction. The deed may have been sufficient to prove the conveyance, but it could not prove that the sheriff had any right to convey. It could not prove that any judgment had been rendered against Poe, nor that Poe owed any debts, nor that these debts were a lien upon the land at the time Poe traded the same to Wells. Alone, it could not be any evidence

at all; and there was no foundation of any kind laid for its introduction. It is a general rule of law that a sheriff's deed cannot be given in evidence, without producing the judgment and the execution under which the sale was made, these documents being necessary to show that the sheriff had authority to sell; (1 Ohio, 278; 1 Blackf., 210, 213; 1 Peters, C. C. R., 64; 2 Johns., 280; 12 id., 213; 20 id., 338; 4 Wheaton, 77; 7 Cowen, 90; 1 Yeates, 21; 2 id., 86; 1 Halst., 589; 2 Ind., 465, 467; 4 Duer, 344; 8 Iredell, 81; 1 Dutch., 634, 662; 4 Cal., 291; 12 Wend., 74; 16 id., 562;) and this rule applies to this case. We have no statute in this State making a sheriff's deed executed in another State any evidence of the existence or validity of the execution, or the judgment upon which said deed purports to be founded; and what the law of Missouri is upon this subject was not shown to the court below. Neither was it shown in what way Poe's debts became a lien upon said land; and we have no right, in the absence of evidence, to presume that any debt is a lien on any real estate. Neither debts nor judgments were liens upon real estate at common law; and whether they are liens under the laws of Missouri has not been shown. Our courts will not take judicial notice of the laws of Missouri, nor of any other State except our own; and when it becomes necessary that our courts should know the laws of a sister State, such laws must be proved by the introduction of evidence. (1 Greenl. Ev., § 489; Gen. Stat., 700, § 370.)

The court below also committed two or three errors in its findings of fact, sufficient of themselves to require a reversal of the judgment; but as these errors are not likely to occur again, we will pass them without further consideration.

The judgment of the court below is reversed, and the cause remanded for further proceedings.

All the Justices concurring.