Derby v. Hartman.

---

## HENRY W. DERBY v. ROBERT T. HARTMAN.

The record of a judgment of a court of concurrent jurisdiction is conclusive and final between the same parties, upon the same matter coming directly in question in another suit, and it can be set up in the answer as a bar, or given in evidence upon the trial under any form of pleading, amounting to a general denial of the matter in respect to which it is conclusive.

Although evidence may be allowed to show that the demand was a different one in respect to which no testimony had been given, an offer of evidence which, if admitted, would be to try again what had once been adjudicated upon, should be overruled.

APPEAL by the defendant from a judgment entered upon the decision of a judge, without a jury.

The action was brought to foreclose a mortgage. The answer, among other things, set up a failure of consideration, and plaintiff's fraud in obtaining and recording the mortgage. Issue was joined by the service of plaintiff's reply, in the form of a general denial, September 25, 1869.

Upon the trial, the only evidence offered by the plaintiff was the judgment roll in an action between the same parties, brought by the defendant against the plaintiff in the Superior Court, in which action judgment was prayed for the cancellation and surrender of the bond and mortgage in question; the judgment roll showing that the issue tried in that action was the validity of the bond and mortgage in suit; and that, on the trial of such issue, judgment was rendered dismissing the complaint for want of merits.

The defendant moved to dismiss the complaint, on the ground that the same was not sustained by the evidence. The motion was denied, and the defendant thereupon offered evidence to establish his defense, which offer was denied.

Judgment was rendered in favor of the plaintiff, from which the defendant appealed.

*Lapaugh & Ames*, for appellant.

The court erred in admitting the judgment roll in evidence. (1.) There was no ground laid for the admission of the roll in evidence. (Greenleaf on Ev., § 501, § 74; 3 Rev. Stat. 687.) (2.) The roll was not competent as evidence in this action. (Greenleaf on Ev., § 528.) (3.) The roll was filed, and the judgment or adjudication therein obtained long after the issues joined in this action. (Greenleaf on Ev., § 524; 1 Stark. on Ev., §§ 214–215.) (4.) If the roll or judgment were admissible at all in this action, it could only be so under or by virtue of a reply, plea, or other pleading setting up the same as against the defendant's answer, or by way of estoppel against the defendant. (5.) The court erred in not dismissing the plaintiff's complaint, because the same was not sustained by evidence, and

there was no cause of action shown.  (6.) The court erred in not accepting and allowing the defendant's offer to put in evidence to sustain the allegations in his answer, or to establish and prove all the matters alleged or shown by his answer, as a separate and distinct defense in this action.  (2 Johns. 227; 16 Johns. 136.)

*C. W. Bangs* and *Thomas M. North*, for respondent.

I. " The judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, *or, as evidence*, conclusive, between the same parties, upon the same matter, directly in question in another court."  (1 Phillips' Ev. p. 321; *Gardner* v. *Buckbee*, 3 Cow. 120; *Wood* v. *Jackson*, 8 Wend. 9; *Bostwick* v. *Abbott*, 16 Abb. Pr. 417; *Davis* v. *Talcott*, 12 N. Y. 184; *Demarest* v. *Darg*, 32 *Id.* 281.)

II. The rule is not affected by the fact that the judgment was rendered after this suit was begun, or that it was not plead in bar.  (Cowen and Hills' Notes to Phil. Ev., note 558, p. 804 to 810, and p. 971; *Marsh* v. *Pier*, 4 Rawle, 273; *Gardner* v. *Buckbee*, 3 Cow. 120; *Burt* v. *Sternburgh*, 4 *Id.* 559.) The record being *conclusive* evidence, the offer of evidence to sustain the allegations of the answer—that is, to contradict the conclusive record—was properly overruled.

All the cases which speak of a judgment as *prima facie* evidence will be found to refer to the identity of the points adjudged with the issue on trial.  That may doubtless be shown or disproved by evidence *aliuende.*  But if it is not denied that the questions are identical, no case holds that the *res adjudicata* can be retried.  The identity in this case appears from a comparison of the pleadings.

By the Court.*—Daly, Chief Justice.—It is not necessary to go over the exceptions taken upon the trial, for the defendant specifically excepted to everything found by the court.

* Present—Daly, Ch. J., Loew and Larremore, JJ.

Derby v. Hartman.

We shall therefore pass only upon the points raised upon the argument of this appeal.

The record of the Superior Court was proved in the manner provided by law. (2 Rev. Stat. 403, § 59, *The People* v. *Ransom*, 4 Denio, 147.) It was a record of the judgment of a court of concurrent jurisdiction between the same parties upon exactly the same matter which was put in issue by the defendant's answer, and it is settled since the *Dutchess of Kingston's Case* (11 State Trials, 261), that such a record is conclusive and final between the same parties, upon the same matter coming directly in question in another suit, and that it can be set up in the answer as a bar, or given in evidence upon the trial under any form of pleading which amounts to a general denial of the matter in respect to which it is conclusive. (*Gardner* v. *Buckbee*, 3 Cow. 120; *Burt* v. *Steenburgh*, 4 *Id.* 599; *Embury* v. *Conner*, 3 N. Y. 522; *Demarest* v. *Darg*, 32 N. Y. 281).

The offer of the defendant was to prove the matters alleged in his answer, which was an offer to try again what had already been tried and in respect to which the record of the Superior Court was conclusive. It was distinguishable from the cases upon which the defendant relies, in which the judgment record was apparently for the same cause of action, and the evidence was received to show that the demand was a different one in respect to which no testimony had been given, and which was therefore not taken into consideration upon the trial. (*Phillips* v. *Berick*, 16 Johns. 136; *Snider* v *Croy*, 2 *Id.* 227.)

The judgment should be affirmed.

Judgment affirmed.