Rice v. Davis.

---

CARLETON RICE, Appellant, v. EVAN T. DAVIS, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, NOVEMBER, 1872.)

Proof was made in ejectment that an affidavit on a creditor's redemption of real estate from execution sale was presented to the sheriff: of search in the county clerk's office for the redemption papers, where they were not found, and of the probable destruction of such papers. *Held*, there being no distinct objection to the sufficiency of the search, that a copy of the affidavit was properly received in evidence.

The redemption is not invalid, at least as respects the debtor, if one of several judgments, under which the creditor purports to have redeemed, is properly certified to the sheriff.

And an affidavit proceeding upon all the judgments, but stating the amount due on each, is sufficient to support redemption under the one judgment properly certified.

And to redeem from the redeeming creditor, the judgments improperly authenticated would not be entitled to payment.

*Quere*, whether the judgment debtor may question the sufficiency of the creditor's payments on redeeming from another creditor.

An affidavit that the affiant "is the person to whom the above several described judgments are assigned, and that the same are true copies of the original assignments of such judgments," that he "carefully com

pared them with such original assignments, and that they are true copies of such original assignments," proved by copy, the original being lost,— *Held*, a substantial compliance with the statute.

Slight variations in the verification of the assignment are not fatal.

The sheriff's certificate of redemption, in connection with his deed, held to establish that the affidavit and accompanying papers were properly presented to and left with the sheriff.

*Held*, also, that the authority of a bank cashier to assign its judgment would be presumed from the execution of an assignment by him.

The sheriff's certificate of redemption is *prima facie* evidence of the facts stated in it.

The regularity of the proceedings to redeem may be presumed from recitals in the sheriff's deed.

An original sheriff's certificate of redemption, proved by copy on the trial as lost, may be used as evidence upon appeal.

A redemption not made " on or after the last day of the fifteen months " held valid, although not made "in the county in which the sale took place."

The homestead exemption act does not affect the rights of creditors to redeem from execution sales made under judgments docketed prior to the record of the notice of exemption.

APPEAL by the plaintiff from a judgment ordered at the circuit in Madison county, in favor of the defendant.

The action was brought in 1870, to recover a parcel of land situate in Madison county.

The cause was tried at the Madison county Circuit in February, 1871, before Justice BALCOM and a jury.

The plaintiff read in evidence a deed from Betsy Pratt to the plaintiff, dated April 1, 1841, of the premises in question.

The plaintiff proved that he was in possession of the premises several years, and that subsequently and until the trial the defendant was in possession. The plaintiff further gave evidence that Betsy Pratt was the widow of Dr. Pratt; that he, prior to his death, occupied the premises, and that she occupied them for a time after his death.

The defendant proved that in November, 1853, Gerrit Smith recovered, in the Supreme Court, a judgment against Rice, the plaintiff in this suit, which was docketed in Madison county.

That an execution thereon was duly issued to and received

Rice *v.* Davis.

by S. P. Chapman, sheriff of Madison county, September 3, 1860, which was returned and filed May 27, 1861, with a return of "satisfied" indorsed thereon, dated December 28, 1860.

The defendant also read in evidence a deed made by Chapman, sheriff, dated April 2, 1862, and acknowledged and recorded, conveying the premises in question to La Mott Thomson, and a deed of the same premises from Thomson to the defendant, dated April 18, 1866, and duly recorded.

The deed from the sheriff to Thomson, dated April 2, 1862, was read in evidence and is produced on this argument. It recites that, by virtue of the execution in favor of Smith, against Rice, issued to Chapman as sheriff, he did, on the 28th of December, 1860, sell the right and title of Rice in and to the premises in question, and that Smith became the purchaser at the price of $486 ; and that he made and filed in the clerk's office of Madison county a certificate of such sale.

The deed further recites that Thomson, on the 26th of March, 1862, made redemption by virtue of judgments and proceedings mentioned in the deed, and by paying to him, Chapman, $528.52.

The defendant gave testimony tending to show that the certificate of sale filed by the sheriff was destroyed by a fire which occurred in Madison county clerk's office in 1865.

The defendant also gave in evidence the certificate of redemption given to Thomson by Chapman, as sheriff, dated March 26, 1862, and acknowledged on that day, and proved that the certificate or statement of redemption which was claimed to have been filed in Madison county clerk's office could not be found, and introduced proof to show that it was destroyed by the same fire above mentioned.

The defendant also produced the original certificate, claiming that it could properly be used upon the argument.

It further appeared that the papers left with the sheriff on making the redemption could not be found, and the defendant gave evidence as to the same.

Rice *v.* Davis.

A copy of the affidavit upon which the redemption was made was produced, as follows:

ONEIDA COUNTY, *ss.:*

On this 16th day of March, 1862, before me came La Mott Thomson, to me known to be the person described, and, being by me duly sworn, deposes and says that he resides in the city of Utica, Oneida county, N. Y.; that he is the person to whom the above described several judgments are assigned, and that the same are true copies of the original assignments of such judgments to me; that he has carefully compared them with such original assignments, and that they are in every respect true copies of such original assignments to me. And this deponent further saith that there is due upon the several above described judgments assigned to me, at this date, the sum of six hundred and thirty-four dollars and thirty-eight cents ($634.38), to wit: Upon the first described judgment, marked No. 1, there is due the sum of $236.58; upon the second described judgment, marked No. 2, there is due the sum of $123.99; upon the third described judgment, marked No. 3, there is due the sum of $169.31; upon the fourth described judgment, marked No. 4, there is due the sum of $104.50, making a total of $634.38.

*March 20th,* 1862.

Subscribed and sworn to before me, and certified by me, the 26th day of March, 1862.

·   .(Copy.)                                        L. M. T.

In respect to this copy, the deponent testified that he presented the papers for redemption, under the judgments named, to the sheriff, and then exhibited to him the original assignments of the judgments, and presented to him the original affidavit; that the copy produced was like ·the original, except that his name was written in full, and it appeared to have been sworn before and signed by a justice of the peace. The assignments of judgments were also given in evidence, viz.:

### SUPREME COURT—ONEIDA COUNTY.

JOSEPH BRUCE, PRESIDENT OF THE BANK
OF WHITESTOWN,
*against*
CARLTON RICE.

Judgment entered and perfected in Oneida county December 27, 1856, for $219.14, and transcript filed and judgment docketed in Madison county December 29, 1856; execution issued to Madison county sheriff, and received by the sheriff March 13, 1857.

W. O. MERRILL,
*Attorney.*

### SUPREME COURT—ONEIDA COUNTY.

JOSEPH BRUCE, PRESIDENT OF THE BANK
OF WHITESTOWN,
*against*
CARLTON RICE, LUTHER RICE and
CARLTON S. LEWIS.

Judgment entered and perfected in Oneida county December 27, 1856, for ninety dollars and eighty-one cents; transcript filed and judgment docketed in Madison county December 29, 1857; execution issued to sheriff of Madison county, and received by him.

C. H. SMITH, *Deputy.*
W. O. MERRILL, *Att'y.*

*March* 13, 1857.

Know all men by these presents: That the Bank of Whitestown, an association formed under and in pursuance of an act, entitled "An act to authorize the business of banking," passed April 18, 1838, and the acts supplementary thereto and amendatory thereof, does hereby, in consideration of the payment of the aforesaid judgments to the said bank by La Mott Thomson, the receipt whereof is hereby acknowledged,

Rice *v.* Davis.

assign, transfer and set over unto the said La Mott Thomson the above mentioned judgments, and the debts thereby secured, and the benefit of the execution issued and now in the hands of the sheriff thereon, but at his (said Thomson's) own risk, cost and expense. The said Thomson to pay all sheriff fees and the amount due on the judgment.

In witness whereof, I, Israel J. Gray, the cashier of the said association, as such cashier, have hereunto affixed my hand and the corporate seal of said association, this 25th day of April, A. D. 1857, by order of the board of directors.

                    ISRAEL J. GRAY,
                *Cashier of the Bank of Whitestown.*

STATE OF NEW YORK, ⎱ *ss.:*
     ONEIDA COUNTY,          ⎰

On this 25th day of April, 1857, before me came Israel J. Gray, to me known to be the person described in and who executed the preceding assignments, and acknowledged the execution of the same, and, being by me duly sworn, says that he is the cashier of the Bank of Whitestown, the above named association; that the seal affixed to the preceding assignment is the corporate seal of the said association, and that said corporate seal, and his signature as such cashier, were affixed to seal, and his signature as such cashier were affixed to said assignment by the authority and direction of the said association.

                    MORRIS WILCOX,
                *Justice of the Peace of Oneida County.*

## SUPREME COURT.

| Parties against whom Judgments are obtained. | | Parties in whose favor Judgments are obtained. | | Judgments, where perfected. |
|---|---|---|---|---|
| CARLTON RICE. | | SAMUEL S. ABBOTT and IRA M. MOORE. | | Madison County. |
| Damages. | Costs. | Judgment, when perf. | When dock. | Attorney. |
| $229 61 | $10 62 | 1857, Jan. 16. | 1857, Jan. 16, 11 A. M. | Abbott and Moore in pers. |

Rice *v.* Davis.

STATE OF NEW YORK:⎫
   MADISON COUNTY,   ⎬ *ss. :*
     *Clerk's Office.*⎭

I certify the foregoing is a true copy of the docket of a judgment entered in this office; and having compared the same with said docket, I find it to be a correct transcript therefrom and of the whole of the docket of said judgment. In testimony whereof, I hereunto set my hand, this 16th day of January, 1857.

CHAS. L. KENNEDY,
*Deputy Clerk.*

For value received from La Mott Thomson, we do hereby sell, transfer, assign and set over unto said La Mott Thomson the judgment, a transcript of which is hereto attached, and all our right, title and interest, claim and demand therein, together with the execution and levy made thereunder, with full power to collect said judgment in our names or otherwise, for his own use and benefit; and we do also, for a valuable consideration, sell, transfer and assign unto said La Mott Thomson the attached personal mortgage against Carlton Rice, and all our right, title, interest, claim and demand thereto.

Witness our hands and seals, this 28th March, 1857.

SAMUEL S. ABBOTT.  [L. s.]
IRA M. MOORE.     [L. s.]

COUNTY OF MADISON, *ss. :*

On this 30th day of March, 1857, before me personally came Samuel S. Abbott and also Ira M. Moore, well known to me to be the individuals described in and who executed the within assignment, and they severally acknowledged that they executed the same.

J. MASON,
*Justice of the Peace.*

## MADISON COUNTY COURT.

ELI BUELL, JR.,
*against*
CARLTON RICE.

Judgment obtained in Justice's Court before J. Mason, justice of the peace of Hamilton, in the county of Madison, N. Y. Transcript of the justice judgment filed and the judgment docketed on the 20th day of December, 1856, for seventy-six dollars and forty-three cents, being the only judgment in favor of plaintiff against defendant docketed in Madison county. In consideration of seventy-six dollars and forty-three cents, to me in hand paid by La Mott Thomson, of the city of Utica, N. Y., I do hereby assign, transfer and set over to said Thomson the above described judgment, and all my right, title and interest in and to the above described judgment, and in and to all right by me acquired thereon.

ELI BUELL, JR. [L. S.]

Dated *November 4th*, 1859.

MADISON COUNTY, *ss. :*

On this 5th day of November, A. D. 1859, before me personally appeared Eli Buell, Jr., to me well known to be the person described in the within judgment, and to be the person who executed the foregoing assignment and acknowledged that he executed the same.

J. MASON,
*Justice of the Peace.*

The counsel for the plaintiff read in evidence a paper to exempt the premises under the homestead exemption act, recorded in March, 1854.

The plaintiff gave evidence to show that Gerrit Smith released the premises from the sale.

The court ruled and decided that the plaintiff was not entitled to recover and nonsuited him.

Objections were made to the proof offered, and exceptions taken, which appear sufficiently in the opinion.

A judgment was entered in favor of the defendant, and the plaintiff appealed.

*A. N. Sheldon,* for the plaintiff and appellant.

*F. Kernan,* for the defendant and respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J.　The title of the defendant to the real estate in controversy in this action depends mainly upon the question, whether there was a valid redemption of the same by La Mott Thomson, as holder of a certain judgment, or certain judgments, against the plaintiff.

It is claimed by the counsel for the plaintiff that the redemption was insufficient, and that the formalities of the statute were not complied with, in the papers presented to the sheriff, for the purpose of redeeming the real estate sold by him.　(3 R. S., 5th ed., 654, § 76.)

Various objections are urged to the validity of the alleged redemption, which I will proceed to consider.　It is said that no redemption affidavit, but only a paper claimed to be a copy, was introduced in evidence.　There was proof that an original affidavit was presented to the sheriff; that search had been made in the county clerk's office for the redemption papers; that they could not be found, and their probable destruction by fire was shown, if they were ever there. Although the plaintiff reserved all legal questions and objections, as to the sufficiency, form and effect of the paper, the distinct point was not taken that the search made was insufficient, or that search should have been made at the sheriff's office.　As the evidence stood, I think that the copy was properly received in evidence.

It is urged that there was only a certified copy of a docket of one of the four judgments presented to the sheriff.　It is,

I think, a sufficient answer to this objection to say, that although the redemption was intended to be under several judgments, yet there being a duly certified copy of one of them, it was sufficient to make the redemption valid, so far as the plaintiff was concerned. (*The People* v. *Ransom*, 4 Den., 145, 147; *Miller* v. *Lewis*, 4 Coms., 554.) It was enough that one of the judgments was properly certified, and as this would entitle the owner to redeem, the remainder may be disregarded as unnecessary. The same remarks apply to so much of the affidavit as shows other judgments and states the sum total of all. As the affidavit specified the amount due upon each one of them, there could be no mistake and no false statement. Nor does it follow that a creditor, redeeming from Thomson, would be obliged to pay the full amount of all the judgments, with interest; for those not properly authenticated clearly were not entitled to be paid. Even if such was the result, it is questionable whether the plaintiff is in a position to avail himself of an objection of this character.

A criticism is made upon the form of that portion of the affidavit which states that "the same are true copies of the original assignments to him." Having previously stated that the affiant " was the person to whom the above described judgments were assigned," I think it may fairly be inferred that the word " same " refers to the assignments of the judgments. This is more manifest by the reference made to the copies of the original assignments, as well as the subsequent clause, " that he has carefully compared them with such original assignments." In considering the form of the copy affidavit, it must be borne in mind that it is only a copy of a lost paper, probably not entirely accurate or precisely like the original which was lost, and proper allowance must be made on that account. It is, I think, in substance, according to the statute, by all reasonable rules of interpretation and the authorities, and not liable to any objection upon the ground stated.

The assignments of the judgments were, I think, sufficiently proven, being duly verified by affidavit of the redeeming creditor, as required by that statute. Slight variations are not

Rice v. Davis.

regarded as fatal. (See *ex parte* Newell, 4 Hill, 608; *Ayles-worth* v. *Brown*, 10 Barb., 167.)

The copy certificate, the original of which was produced upon the argument, in connection with the sheriff's deed, establishes that the affidavit and the accompanying papers were properly presented to and left with the sheriff as required by law.

It is not important as to all of them, as we have seen, if one of the judgments was properly certified and the assignment duly executed; but I am inclined to think that the assignment by the cashier of the Bank of Whitestown was duly executed. The cashier's authority will be presumed, unless the contrary appears. (*Bank of Vergennes* v. *Warren*, 7 Hill, 91.) The assignments were sufficiently verified by the oath of the claimant, and it was not necessary, I think, that they should be filed in the county clerk's office.

No other objections are made to the validity of the redemption papers which require remark.

It may be added, that the original sheriff's certificate to Thomson (a copy of which is referred to in the case) is produced upon the argument, and by statute is *prima facie* evidence of the facts therein stated. (3 R. S., 5th ed., 656, §§ 84, 85.) The regularity of the proceedings to redeem is also to be presumed from the recitals in the sheriff's deed. (*Hartwell* v. *Root*, 19 Johns., 345.) The right to introduce documentary evidence upon the argument is abundantly established by authority. (2 Johns., 46; 5 Wend., 535; 13 Wend., 524.) If the defendant had rested his case after the introduction of the sheriff's certificate and deed, his title would have been established without the redemption papers, until there was some rebutting testimony. The secondary evidence as to the redemption proceedings would, therefore, have been superfluous.

There is no force in the objection that the redemption was void because it was made out of the county of Madison, where the premises were situated and sold. The statute provides that redemptions, made " on or after the last day of the fifteen

months," \* \* \* "shall be made at the sheriff's office of the county in which the sale took place." (3 R. S., 5th ed., 656, § 82; *Gilchrist* v. *Comfort*, 34 N. Y., 235.) The redemption here was not on or after, but before the last day, and therefore it was not made in violation of the provisions of the statute cited.

The offer to prove a release from Gerrit Smith to the plaintiff was properly overruled. The consideration upon which the release was to be given had entirely failed. The bond and mortgage which was to have been executed was not given, and hence it is apparent that the release from Smith never became valid and effectual.

Nor was the lien of the Thomson judgments, for the purpose of redemption, affected by the homestead exemption claimed by the plaintiff. They were rendered before the sale of the real estate upon the Smith judgment, and the statute authorizes a redemption by any creditor or assignee "having a judgment rendered at any time before the expiration of fifteen months from the time of the sale. (3 R. S., 5th ed., 652, § 67.) The judgment or judgments upon which the redemption was claimed to have been made were clearly within the statute. While the act suspended a sale upon an execution, and prevented Thomson from selling by virtue of these judgments, it did not interfere with his right to redeem from the purchaser upon a sale upon a judgment docketed prior to the recording of the notice of exemption. (S. L. of 1850, chap. 260; *Smith* v. *Brackett*, 36 Barb., 571; *Allen* v. *Cook*, 26 id., 374–378.) In construing this statute we are not at liberty to extend its provisions beyond its plain intent, and as the title passed to Smith after the expiration of a year, subject to the creditor's right of redemption, and such redemption was made by Thomson, under whom the defendant claims title, the plaintiff had no right to recover. There was no error upon the trial and the judgment must be affirmed, with costs.

Judgment affirmed.