JANSEN HASBROUCK, RESPONDENT, *v.* NELSON H. BURHANS, APPELLANT.

*Evidence — the recital in a sheriff's deed that an execution has been issued does not prove that fact — statute of limitations — Code of Civil Procedure, secs. 365, 368, 373 — when a possession will be deemed adverse.*

Upon the trial of this action of ejectment, in which both parties claimed title under one Smedes, the plaintiff proved the recovery of a judgment against Smedes, in the Common Pleas of Ulster county, on January 19, 1818; that the deputy county clerk had made diligent search for an execution or *fieri facias* upon the judgment and could not find any. He then read in evidence, under the defendant's objection, a sheriff's deed, dated October 15, 1818, conveying the interest of Smedes to one Hasbrouck, under whom the plaintiff claimed, which deed recited the issue of a *fieri facias* and the seizure and sale of the property. Neither Hasbrouck nor the plaintiff ever entered into possession of the premises, which were, at the the time of the recovery of the judgment and of the sale, in the possession of Smedes, and which, after his death, remained in the possession of his children and those claiming under them, down to the time of the commencement of this action. No other evidence tending to show the existence or issue of the writ of *fieri facias* was given.

*Held,* that a finding by the trial court that an execution was duly issued could not be sustained.

That the recital, standing unsupported by any evidence of possession of the premises under the deed, or recognition by Smedes of its validity, or other acts *in pais* tending to support the deed or the recital, was not evidence of the fact of the issue of the execution.

That presumptions are indulged either in favor of, or in opposition to, ancient deeds, according to the matters *in pais* which accompany them, and that in this case, no possession having been taken thereunder, the natural presumption was that the deed had performed no function, because, from the lack of the execution, it could not rightfully perform any.

That the plaintiff was barred by the statute of limitations, as neither he nor his devisor had been seized or possessed of the premises within twenty years before the time of the commencement of this action, and as the premises had been held adversely for more than twenty years by Smedes and those claiming under him.

*Semble,* that assuming the deed to have been valid, and that Smedes' occupation had been that of a tenant at will under the plaintiff, yet as there was no written lease or rent reserved or paid the possession of Smedes, and those claiming under him would have become adverse at the end of twenty years, and the plaintiff's title would be barred by the forty years of their subsequent adverse possession.

APPEAL from a judgment in favor of the plaintiff, entered in Ulster county upon the decision of the court after a trial before the court without a jury.

*Wm. Lounsberry*, for the appellant.

*Howard Chipp, Jr.*, for the respondent.

LANDON, J. :

The action is ejectment. Both parties claim title under Philip Smedes, who was in possession of the premises in 1810, and continued in possession until his death, about the year 1826.

The plaintiff claims to establish title as follows : He proved the recovery of a judgment by one Swart against Philip Smedes in the Court of Common Pleas of Ulster county, January 19, 1818, for the sum of $506.72, and eighteen dollars and eighty-three cents costs. He then proved by the deputy county clerk that he had made diligent search for an execution or *fieri facias* upon this judgment, and could not find any in the clerk's office. He then read in evidence, over the objection of the defendant, a deed dated October 15, 1818, from Charles Bruyn, sheriff of the county of Ulster, to Abraham Hasbrouck, purporting to convey to him the interest of Philip Smedes in the premises in question. This deed recited the issue to the sheriff of the writ of *fieri facias*, commanding him, in the usual form of an execution, to collect for Wm. Swart $506.72, etc., of etc., Philip Smedes, and that having thereupon seized and sold the premises in question to Abraham Hasbrouck, he therefore now conveys all the interest of Philip Smedes therein to said Hasbrouck. No other evidence was given of the existence or issue of the writ of *fieri facias*. The plaintiff next proved that he was the residuary devisee of Abraham Hasbrouck, which devise vested in him whatever title Abraham Hasbrouck had to the premises.

It appeared that Abraham Hasbrouck never took possession of the premises. Philip Smedes continued in possession during his life ; upon his death his widow, Margaret, remained in possession until her death, which occurred about 1848. Philip and Margaret had a daughter Maria, who lived with her mother on the premises, and continued in possession until her death in April, 1881. Maria left two children, James and Sarah, and the children of a deceased son,

Andrew. In 1882, James and Sarah conveyed to Sarah Turk, who thereupon brought an action of partition making the children of Andrew Smedes parties. This resulted in a judgment and sale, under which the defendant, in 1883, obtained the title under which he took and retains' possession.

The court gave judgment for the plaintiff, finding among other things that an execution was duly issued to the sheriff, upon the judgment of 1818, against Philip Smedes. We think this finding cannot be sustained.

The issue of the execution to the sheriff was vital to his power or jurisdiction to sell. He had no power to sell unless he had the execution. (*Jackson* v. *Hasbrouck*, 12 Johns., 213; *Yates* v. *St. John*, 12 Wend., 74.) He was a ministerial officer, but, as such, was charged with no power or duty touching these premises with respect to this judgment, except at the instance of William Swart, who, in order to set him in motion and clothe him with power, must first have placed an execution in his hands. The doing of this by Swart would have been strictly a private act, in which the public would have had no concern. Unless the recital of the issue of the execution in the deed is evidence of its issue, there is no evidence, and the deed of 1818 would be worthless, because not shown to be authorized.

It is undoubtedly settled law that the recital, standing alone, unsupported by any evidence of possession under the deed, or recognition by Philip Smedes of its validity, or other acts *in pais* tending to support the deed or the recital, is not evidence of the fact of the issue of the execution. (*Jackson* v. *Roberts*, 11 Wend., 425; *Hill* v. *Draper*, 10 Barb., 454; *Hardenburgh* v. *Lakin*, 47 N. Y., 109; *Reed* v. *McCourt*, 41 id., 435; *Williams* v. *Peyton*, 4 Wheat., 77.)

The learned counsel for the plaintiff cites cases in which it is held that public officers are presumed to have done their duty, and that official acts are presumed to have been regularly and properly performed. (*Hartwell* v. *Root*, 19 Johns., 345; *Doe* v. *Phelps*, 9 id., 169; *Ford* v. *Walsworth*, 19 Wend., 334; *Wood* v. *Morehouse*, 45 N.Y., 368; *Clute* v. *Emmerick*, 21 Hun, 122; *Rice* v. *Davis*, 7 Lans., 393; *Ensign* v. *McKinney* 30 Hun, 249.) These cases do not aid the plaintiff, for the reason that until it is shown that the sheriff had

an execution, it is not shown that he had any duty to do. The recital in the deed may bind the plaintiff and all persons in privity with him, but with respect to Philip Smedes and the defendant, the recital remains the mere declaration of a stranger, until the authority to make it is produced. The objection to the admission of the deed was that it was irrelevant and immaterial; this objection was made after the evidence of the existence of an execution had been exhausted. The plaintiff could not have produced any further evidence, and hence the objection was sufficient. The search by the county clerk, and his failure to find an execution, standing alone, affords no presumption of its loss. There must, in addition, be some evidence that the execution some time existed. (*Leland* v. *Cameron*, 31 N. Y., 115; *Mandeville* v. *Reynolds*, 68 id., 528.) Presumptions are indulged either in favor of, or in opposition to, ancient deeds, according to the matters *in pais* which accompany them. (*Clark* v. *Owens*, 18 N. Y., 434; *Willson* v. *Betts*, 4 Den., 212.) If the plaintiff were defending a possession timely taken under the deed of 1818, and since continued, the presumption would be strong that the recital of the issue of the execution was true. We should naturally reason that if it had not been true Philip Smedes would not have surrendered his land, and that the end accomplished resulted from the performance of all the acts necessary to that end. But where there has been no possession, and no other acts indicating any claim under the deed, and the deed recites an execution upon which its validity depends, and no other trace of that execution can be found, we should naturally conclude that the deed had performed no function; because, from the lack of the execution, it could not rightfully perform any. Such a deed under such circumstances, instead of gathering vigor with time, waxes stale.

The omission to take possession may be excused or explained consistently with the right to take it. Here no explanation is offered except that the Smedes were poor colored people. If their long possession was an indulgence granted by Hasbrouck some slight evidence to that effect ought to be given. Philip Smedes was in possession as owner in 1818, the date of the sheriff's deed. Before the deed his possession was adverse to Abraham Hasbrouck; after the deed there is no affirmative evidence that it was changed. The justice finds that he continued to occupy the premises after

the deed as before. After him his widow, his child and his grand-children, in their turn, succeeded him, down to 1883, sixty-five years after the date of the deed. The twenty years which the law fixes as the limit beyond which it is not usually necessary to pre serve evidence of a right actually claimed and exercised have been three times exhausted. They, or the defendant, their grantee, need not prove the origin of their right; the right is presumed because they have held it so long. Besides, the plaintiff is barred by the statute of limitations, neither he nor his devisor having been seized or possessed of the premises within twenty years before the com-mencement of this action. (Code Civil Pro., § 365.)

Suppose the deed of 1818 to have been valid, then the occupation by Philip Smedes would be deemed to have been under and in subordination to the legal title. (Code Civil Pro., § 368.) Such subordinate possession, in the absence of explanation, will be deemed a tenancy at will. (*Jackson* v. *Sternbergh*, 1 Johns. Cas., 153; *Russell* v. *Doty*, 4 Cow., 576; *Jackson* v. *Graham*, 3 Caines, 188.) There was no written lease and no rent reserved or paid. Peter Smedes and those holding under him would, therefore, be deemed to be such tenants at will for twenty years after the date of the deed of 1818. (Code Civil Pro., § 373; *Whiting* v. *Edmunds*, 94 N. Y., 314.)

The section last cited, which is a re-enactment of the Revised Statutes, declares that "this presumption shall not be made after the periods prescribed in this section." That is to say, when there is no written lease the tenancy will not be presumed to continue after twenty years from the last payment of rent. It must, there-fore, thenceforth be presumed that the former tenant held under a right adverse to his former landlord. Such adverse holding would have been started in 1838, and having been continued for forty-two years, suffices to bar the plaintiff's right of action.

Some evidence was given of the declaration of James Smedes, one of the three heirs-at-law of Maria Smedes, to the effect that the plaintiff owned the premises. Maria Smedes died in April, 1881. James died in August, 1882, and the plaintiff's son, who testified to this declaration, fixes the date of it a year, and possibly two, before James' death. If it was made while Maria was living, it would not be competent to characterize her holding, however it

might characterize his own if made after her death. If force should be given to this declaration, it would affect only one-third of the premises, and the plaintiff has recovered them all.

The judgment should be reversed and a new trial granted, costs to abide the event.

Bockes, J., concurred.

Learned, P. J. :

I think that this action is barred by the statute of limitations. The possession of Philip Smedes was originally adverse to any rights of plaintiff or of his ancestor. And it seems to me that the possession of Philip Smedes and of his successors has continued to be adverse. I concur in the result.

Judgment reversed, new trial granted, costs to abide the event.