## H. S. CAMPBELL *et al.* v. J. D. FULMER.

TAX DEED, *Made after Action Brought — Evidence.*  A tax deed executed
after the commencement of an action, and not put in issue, nor men-
tioned by the pleadings, cannot be introduced in evidence on the trial
of the case.

*Error from Miami District Court.*

THE opinion states the case.

*W. H. Browne,* for plaintiffs in error.

*J. A. Hoag,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Miami county on July 27, 1885, by J. D. Fulmer against H. S. Campbell and Margaret Campbell, to recover damages for a breach of covenant of seizin contained in a certain warranty deed executed by the defendants to the plaintiff on April 28, 1885, for certain real estate situated in the city of Paola, Kansas. At the May term, 1886, judgment was rendered in favor of the plaintiff and against the defendants for $177.23 and costs of suit; and to reverse this judgment, the defendants, as plaintiffs in error, bring the case to this court.

The plaintiffs in error, defendants below, have presented only one question to this court, and that question is, whether the court below erred or not in sustaining an objection made by the plaintiff below to the introduction of a certain tax deed offered in evidence on the trial by the defendants below. The facts of the case are substantially as follows : At the time when the defendants executed the warranty deed to the plaintiff, the defendants held no title to the property attempted to be conveyed except a title founded upon a tax deed, which was void upon its face, nor did they afterward procure any title until August 24, 1885, when they procured another tax deed, which appears to be valid upon its face. On August 25, 1885, the defendants demurred to the plaintiff's petition upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court. The petition was undoubtedly sufficient. On November 23, 1885, the defendants answered, denying generally all the allegations of the plaintiff's petition, except that they executed the aforesaid warranty deed, and alleging that at the date of such deed they were the lawful owners in fee of the premises attempted to be conveyed by the deed. On February 26, 1886,

a trial was had before the court without a jury, and on such trial the defendants offered in evidence both their tax deeds, one dated September 7, 1883, and the other dated August 24, 1885, to the introduction of which deeds the plaintiff objected, and the court sustained the objection and refused to permit either deed to be introduced in evidence. On May 7, 1886, the court found in favor of the plaintiff and against the defendants, and rendered judgment in favor of the plaintiff as aforesaid. Whether the court below erred or not in excluding the tax deed executed August 4, 1885, is the only question presented to this court by the plaintiffs in error, defendants below. This question must be answered in the negative. "The first rule governing in the production of evidence is, that the evidence offered must correspond with the allegations and be confined to the point in issue." (*Brookover v. Esterly*, 12 Kas. 152. See also *Graham v. Trimmer*, 6 id. 231.) And there was no issue presented by the pleadings in this case upon which the last-mentioned tax deed could have been introduced in evidence. It was executed after this action was commenced, and therefore the plaintiff's petition could not have tendered any issue concerning it. (*Porter v. Wells*, 6 Kas. 448.) And the answer did not pretend to tender or respond to any issue except such as had already been tendered by the plaintiff's petition, and a court cannot go outside of the issues upon the trial. (*Brenner v. Bigelow*, 8 Kas. 497.) The plaintiff's cause of action arose when the warranty deed was executed; for the defendants had no title at that time, and covenants of seizin are always broken as soon as the deed is executed, when the grantor is not at the time lawfully seized of the property. (*Dale v. Shively*, 8 Kas. 276; *Scantlin v. Allison*, 12 id. 85.) The plaintiff in this action undoubtedly had a cause of action when he commenced this action, and no subsequent deed to the grantors or subsequent title of any kind vesting in them could wholly defeat the plaintiff's cause of action. Such a thing could at most only reduce the damages; but even that question cannot properly be considered in this case, for in this case there was no issue presented authorizing the tax deed or any

subsequent deed, or any subsequent title of any kind, to be introduced in evidence. No fact of any kind occurring after the commencement of this action was put in issue by the pleadings.

The judgment of the court below will be affirmed.

All the Justices concurring.