## MAMLOCK v. WHITE.

In an action against a Sheriff for taking goods from the possession of the plaintiff, where the defendant justifies under a writ of attachment against a third person, and alleges a fraudulent sale from such third person to the plaintiff, proof of the debt on which the writ of attachment was based is necessary for no other purpose than as the foundation for proof that the sale was void as to creditors.

Where in such action the fraudulent character of the sale was put in issue by the pleadings, and full proofs regarding that question were introduced on the trial without any objection from plaintiff that the debts on which the writ of attachment rested had not been proved, and no instruction was asked concerning the point, nor the attention of the Court below in any manner called to it: *Held*, that plaintiff could not avail himself of the absence of proof of the attachment debt by objection raised for the first time in the Appellate Court.

Where the defense to an action rests upon the fact of fraud in a sale of property to the plaintiff, the declarations of a person not a party to the action are admissible in favor of defendant, if such person was a party to the purchase alleged to be fraudulent, and his connection with the purchase may be established by the admissions, or conduct equivalent to admissions, of the plaintiff.

The rules of law in regard to the right of a failing debtor to give a preference to some of his creditors, have no application to a sale for cash to a person not a creditor, although the proceeds may have been applied to pay creditors.

APPEAL from the Seventeenth Judicial District.

The facts are sufficiently stated in the opinion.

Appellant claimed that there was error in a number of the instructions given by the Court, and particularly in the fourth instruction, a copy of which is as follows.

"A party has the right to sell all or any portion of his stock in trade to pay debts, and may pay any particular debt in preference to another; but proof that the proceeds of such sale have been applied to the payment of debts does not prove the good faith of the sale, for the sale may nevertheless be fraudulent as to the creditors who have not been paid.

" If the plaintiff were a creditor of Ephraim & Co., he had a right to take payment of his demand in the goods in suit, even if the goods had not been paid for by Ephraim & Co.; but not if he by collusion with them had assisted in the means used to obtain the goods with a knowledge of the intention to defraud the parties from whom they were purchased; and especially if plaintiff obtained the goods at a cost far below their actual value."

Mamlock *v.* White.

*S. Heydenfeldt,* and *Vanclief & Pratt,* for Appellant.

I.   The defense failed to prove any legal authority for the issuing of the writ of attachment, no affidavit or bond having been given in evidence, and no proof having been offered of any indebtedness from Ephraim to the attaching creditors.   (*Thornburgh* v. *Hand,* 7 Cal. 544.)

II.   The Court erred in admitting proof of the declarations of S. Mamlock.

III.   The Court erred in giving the fourth instruction.   Both sections of this charge are erroneous.   That of the first is obvious. In the second, the conduct spoken of might have failed to change the property in the goods, in an action directly for their recovery, or it might have subjected the party to an action for damages for the fraudulent collusion, but it would not make the goods liable to attachment upon a debt.   (*Williams* v. *Wood,* 14 Wend. 126 ; *Allen* v. *Addington,* 7 Wend. 1 ; *Upton* v. *Vail,* 6 Johns. 181 ; *Allison* v. *Mathews,* 3 Johns. 232.)

IV.   Judgments will be reversed for instructions calculated to mislead the jury, although abstractly correct.   (*Vaux* v. *Campbell,* 8 Mo. 227 ; *Powell* v. *Brasher,* 9 Gill. & Johns. 279 ; *McIsaacs* v. *Hobbs,* 8 Dana 272 ; *Reid* v. *Greathouse,* 7 Monroe 558.)   If an erroneous instruction is given, the error is not cured by the fact that correct instructions are also given.   (*Hickman* v. *Griffin,* 6 Mo. 37 ; *Jones* v. *Talbot,* 4 Mo. 579.)

*Williams & Thornton,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action to recover specific personal property which the plaintiff claims to have purchased of one A. B. Ephraim.   The defendant claims title to the property by virtue of a seizure as Sheriff, under certain attachments issued against said Ephraim and another, and justifies the seizure by averring that the transfer by Ephraim to the plaintiff was made for the purpose of defrauding

the creditors of Ephraim, and therefore void. The judgment was for the defendant, from which the plaintiff appeals.

I.    It is objected that the defendant failed to establish his justification in not proving the debts for which the attachments issued, and also in not proving the bond and affidavit required upon issuing an attachment.

The defendant in his answer alleged that the attachments were duly and regularly issued, and this allegation was not denied in the replication. Proof of the debt would not be necessary in order to justify the Sheriff in seizing the property, if in the possession of Ephraim, the attachment debtor, and was only necessary in this case in order to enable the defendant to place himself in a position to attack the sale to the plaintiff as being void against creditors. A direct issue was made by the pleadings as to the good faith of this sale; and on the trial, proofs upon this issue were introduced by both parties. No objection was made by the plaintiff to the introduction of this proof on the part of the defendant, on the ground that the proper foundation had not been laid, neither in general terms, nor by any specific objection that the bond and affidavit had not been proved, nor that the attachment debts had not been proved; nor was any specific exception taken on these grounds to any ruling or charge of the Court; nor was the Court requested to give any ruling or charge upon the subject; nor is this matter specified as a ground of error in the statement on appeal. After the question as to the validity of this sale had been thus put in issue and tried on its merits, without any objection of this kind being raised, we think it too late to raise it for the first time on the argument of the appeal in this Court.

II.    It is objected that the declarations and acts of S. Mamlock were improperly allowed to be given in evidence, he not being a party to the action. This testimony was admissible if he was a party to the fraud charged, and if this connection was established by the admissions, or conduct equivalent to the admissions, of the plaintiff. The evidence bearing upon this point consists principally of proof that S. Mamlock was a general partner of the plaintiff, and particularly in this purchase. The business was done in the name of the plaintiff, and one witness testifies that "they" told

Mamlock v. White.

him the business was done in H. Mamlock's name because S. Mamlock had failed. Much other testimony was given showing the agency of S. Mamlock in transacting the business done in the name of H. Mamlock, and particularly his agency in the purchase of the goods in question, and in selling them after the purchase. This connection with the business was of such a character that it was necessarily known to the plaintiff, and was with his assent. Altogether the proof, other than the declaration of S. Mamlock, was such as to authorize the conclusion that he was a party to the purchase in question, and that being established, it was not error to allow proof of his acts and declarations tending to show the character of the transaction.

III.   Objection is taken to several instructions given, and to the refusal to give three instructions asked by the plaintiff.

A principal feature of some of the instructions given, and of those refused, is, that they apply to the law affecting the right of a failing debtor to give a preference to some of his creditors. But this was not the character of the transaction impeached. The sale was not a transfer to a creditor in satisfaction of a debt, but for cash, although the proceeds may, in whole or part, have been applied to pay creditors. Some of the objections rest upon a literal and possible application of the language used by the Court, rather than upon its reasonable application to the facts of the case. Others relate to the relevancy of certain questions and answers tending to prove the fraud charged. It would require an opinion, the utility of which would not be in proportion to its length, to discuss and decide upon each of the several rulings objected to, indicating wherein they were correct, and wherein, if liable under some circumstances to objection, they were inapplicable and harmless. Upon reviewing them with reference to the facts of the case, we do not find that any error has been committed to the prejudice of the appellant.

Judgment affirmed.