| 31 | 227 |
|----|-----|
| 43 | 198 |
| 31 | 227 |
| 47 | 569 |
| 31 | 227 |
| 51 | 509 |

## B. F. SIMPSON AND J. H. SMITH v. JOHN T. VOSS.

1. SUPPLEMENTAL REPLY, *No Error in Allowing.* In an action for the wrongful seizure and conversion of personal property, the defendant — a United States marshal — attempted to justify under an order of attachment directed to him. Subsequent to the filing of the reply in the case, the court granting the order of attachment, upon motion, discharged the attachment proceedings. Thereafter the plaintiff, with leave of the court, filed an amended or supplemental reply, setting up the dissolution of the attachment. *Held,* That the court committed no error in allowing the reply to be filed, as it alleged facts material to the case occurring after the former reply.

2. ATTACHMENT — *Seizure, Indefensible.* An officer who has seized and taken possession of personal property under an order of attachment directed to him, cannot, after the discharge of the attachment proceedings, defend his seizure and possession upon the ground that the sale and transfer to the plaintiff were fraudulent.

3. SAFE, *Officer Liable for Value of.* An officer, under an order of attachment directed to him, seized and took possession of a stock of merchandise in a store-room, and excluded from the room the owner. In the room there was a safe, which the officer did not levy upon. Afterward the attachment proceedings were discharged. A day or two subsequent to the seizure by the officer, and while he had full possession of the store-room and all its contents, another person entered therein, with his consent, and levied on the safe under some process against a person not

the owner thereof, and carried it away. *Held,* As the officer had wrong-fully deprived the real owner of the possession of his store-room and safe, and also deprived him from having any care or control thereof, he cannot be released from liability on the ground that the safe was taken out of his possession by some other person.

*Error from Bourbon District Court.*

ACTION by *Voss* against *B. F. Simpson* and *J. H. Smith*, to recover $12,765 damages for the seizure and conversion of a general stock of merchandise, etc. Trial at the May Term, 1883, and verdict for the plaintiff for $7,672. New trial refused. (The record does not show that a judgment was entered on the verdict.) The defendants bring the case to this court. The opinion states the facts.

*Vansyckel & Wells,* and *Blair & Perry,* for plaintiffs in error.
*John T. Voss,* defendant in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: The defendant in error (plaintiff below) filed his petition in the district court of Crawford county, alleging, *inter alia,* that on the 24th of January, 1883, he was the owner of and in exclusive possession of a brick store building of the value of $5,000, and of the rental value of $80 per month, situate in Girard, Crawford county, in this state; that he owned and had therein a general stock of merchandise of the value of $12,000, and also a safe of the value of $225; that on said 24th day of January, the defendants (plaintiffs in error) without right or authority and against his will and consent, entered the store-room in his brick building and took forcible possession of the premises, and then and there wholly deprived him of the same, and then and there converted all of said merchandise, together with the said safe, to their own use and benefit.

The answer to the petition contained a general denial, and also set forth that the property taken was not the property of the plaintiff below, but the property of one Curtis, against whom Adler & Sons, of Milwaukee, Wisconsin, had a large

claim for goods; that the transfer of the goods from Curtis to plaintiff below was fraudulent, and made with the intent to cheat, defraud and delay the creditors of Curtis; that Adler & Sons, learning these facts, brought their action in the United States circuit court for the district of Kansas, to recover judgment on their claim against Curtis; that in that action they obtained an attachment against the property of Curtis; that the order of attachment was delivered to one of the defendants, who was United States marshal, and by him delivered to the other, his deputy, and that by virtue of the order of attachment they took possession of the stock of merchandise.

To this, the plaintiff below filed a reply containing a general denial. Subsequent to the filing of the reply, the circuit court discharged the order of attachment issued against Curtis, upon the ground that the alleged causes therefor were untrue. Thereafter, with the leave of the court, the defendant below filed a supplemental or amended reply setting up the dissolution of the attachment proceedings. A demurrer was filed to this reply, which was overruled. Then the defendants, with leave of the court, amended their answer, and also filed a supplemental answer to the plaintiff's amended reply, denying generally the averments thereof, and alleging that the case of Adler & Sons against Curtis was still pending in the United States circuit court and undetermined.

I. It is alleged that the court erred in allowing the amended or supplemental reply to be filed, and in not sustaining the demurrer thereto. We think otherwise. The answer to the petition set up the attachment proceedings which were issued out of the United States circuit court as a justification of the trespasses charged against the defendants below, and alleged that all the acts done by them were done under color of law and official authority. Section 144 of the code expressly authorizes that either party to the action may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition or reply alleging facts material to the case occurring after the former petition, answer, or

reply. The supplemental reply was properly filed, as it alleged facts material to the case occurring after the former reply. Supplemental pleadings, like amended pleadings, are largely within the control and discretion of the court, and error will lie only when an abuse of that discretion is shown; but supplemental pleadings, embracing subsequent facts, are generally permitted by the courts. (*Clark v. Spencer*, 14 Kas. 398.) The discharge of the attachment related back to the issuance of the order of attachment, and swept away the defense that by virtue of the attachment proceedings the defendants below officially took possession of the property claimed. After the attachment was dissolved, they could not justify thereunder.

II. It is next asserted that the trial court erred in refusing to permit the defendants in the court below to question the *bona fides* of plaintiff's title to the property seized under the order of attachment. Officers holding possession of property under writs of attachment have the right to defend the possession of the property, and in such a proceeding the *bona fides* of the debtor's acts in transferring the property to a plaintiff may be inquired into; but in this case the order of attachment was wrongfully obtained. Before the trial the attachment was discharged. This discharge vacated all the attachment proceedings *ab initio*. Thereafter the officers had no special title in or to the property seized by them; they had no judgment, or execution, or any valid process under which they could justify their possession. Therefore they were not in any position to question the *bona fides* of plaintiff's title. Even a creditor cannot attack an assignment or transfer as fraudulent unless he has first placed himself in such a position that the assignment or transfer interferes with the assertion of his right to the particular property in question. (*Hastings v. Belknap*, 1 Denio, 190; *Andrews v. Durant*, 18 N. Y. 496; Bump on Fraudulent Conveyances, 2d ed., 515, 516. See also *Tennent v. Battey*, 18 Kas. 324.)

III. It is finally contended that the court erred in holding the defendants below liable for the value of a safe. This

safe was in the store-room where the merchandise was seized. The officers took possession of the store-room and its contents, and excluded the owner therefrom. A day or two subsequent to the time that the said officers took possession of the store-room and its contents, another officer entered the room, levied on the safe under some legal process against Curtis, and carried it away. This state of facts rendered the defendants below liable for the value of the safe, even though they did not actually levy upon it. They deprived the owner of the possession of his store-room; they took possession of all its contents, including the safe; and such a wrong was committed thereby that the plaintiff below was entitled to recover damages for the property in the store, of the possession of which he was deprived. It was no defense as against him to establish that some other officer or person, without any right whatever, and seemingly with the consent of the defendants below, carried away the safe after the defendants had taken possession thereof, and prevented the owner from having any care or control of it. It will not do, under these circumstances, to say that because the defendants were unable to return the property on account of the action of others, that they are to be released from liability. (*Blaker v. Sands*, 29 Kas. 551.)

Several other questions are discussed in the briefs filed, but in view of the suggestion of counsel for plaintiffs in error that it would be manifestly futile to retry the case unless they have the right to impeach the *bona fides* of the sale from Curtis, we think it unnecessary to make other comments.

The judgment of the district court must be affirmed.

All the Justices concurring.