CEDAR VALLEY LAND & CATTLE Co. v. COBURN and others.

*(Circuit Court, W. D. Missouri, W. D.   November, 1886.)*

1. EQUITY—SUPPLEMENTAL BILL—WHEN NECESSARY.
    Matters transpiring after the filing of the original bill or cross-bill in equity, changing or affecting the issues, should be presented by supplemental bill.
2. SAME—COMPROMISE—MATTERS OF FORM—ESTOPPEL.
    But where it appears that after the issues were joined the parties entered into an agreement of compromise, and a dispute having arisen as to the true meaning and intent of that agreement, the parties appeared before the court, presented a petition for a decree, and submitted all the facts as fully and clearly as this might have been done under a supplemental bill, no objection

on account of form being suggested, and where the court, upon such hearing, construed the agreement of compromise, and entered decree in accordance therewith, neither party will be permitted thereafter to raise a mere question of form. The decree thus rendered cannot be attacked on the ground that there was no supplemental bill filed, nor upon the ground that the proof submitted was in the form of affidavits, and no cross-examination was had, all this having been done without objection.

In Equity. Application by defendants for rehearing. See *ante,* 584.

*George W. McCrary* and *Adams & Field,* for the Company.

*Karnes & Ess* and *J. G. Waters,* for Coburn & Ewing.

BREWER, J. Coburn & Ewing petition for a rehearing. They object that the decree as entered shows a final settlement of all matters in controversy, and dismisses the bills and cross-bills, when in fact there was no final settlement, and when under the pleadings no such question was in issue or could be determined. The facts are these: After bills and cross-bills had been filed, some compromise was effected. Of that there is no dispute. The Cedar Valley Company filed a petition alleging that all claims in dispute had been settled, and asking a decree accordingly. A hearing was had; affidavits and other testimony presented without objection. Both parties appeared and argued the question. No objection was made to the form of the proceeding; the only objections being that in fact the settlement was only partial instead of total, and that the court had no right to inquire into the matter, but could only dismiss the bills and cross-bills. Now it is insisted that if anything had transpired since the filing of the original bills and cross-bills, changing and affecting the issues, such new matter should have been presented by supplemental bill. I think counsel are right and that such is the true practice. But that is a mere matter of form. All the facts were presented as fully and as clearly as though stated in a supplemental bill. No objection on account of form was suggested. Will a party be permitted to test the judgment of the court on the substance of the controversy, and upon defeat then for the first time raise a mere question of form? Nothing can be plainer. When cases of an equitable nature are removed from a state court seldom is the plaintiff's pleading in the full and precise form of a bill in equity. If parties insist, repleading is ordered. But if not, and all the facts are stated, will the court, after decree, set it aside, simply because the pleading does not contain all the formalities of a bill? Such a proceeding would give a bitter irony to the appellation of the court as a court of equity. So here, it is not pretended that all the facts were not stated but only that they were not presented through the formalities of a supplemental bill. Coburn & Ewing were cut off from no right, were not prevented from making a full defense. They had every opportunity they asked.

Again, it is insisted that affidavits were used, and not depositions; that no cross-examination was had, etc. But all this was by con-

sent, or at least without objection. They offered affidavits themselves, and had all the time they sought for presenting their testimony. They never asked to take depositions, or the privilege of cross-examination, or time to produce more testimony, of which they now say they have an abundance. They made no objection as to the manner in which the testimony was presented, and I doubt not that if all the testimony had been by oral examination of witnesses in open court such irregularity, if acquiesced in at the time, would have furnished no ground for setting aside the decree based thereon. He who keeps silent when he should speak must keep silent forever thereafter.

Of the merits of the case, I shall add nothing to what I said before, when ordering the decree; and of the duty of the court to render such a decree upon the application of either party, when there has been in fact a full compromise and settlement, I have no doubt. The application for a correction of the decree and for rehearing is denied.