## HARRY AUSTIN v. THOMAS JONES, *et al.*

TAX LAW — *Sections 141, 143, Construed.* Section 1, chapter 40, Laws of 1879, which appears in the Compiled Laws of 1885 as §143, chapter 107, does not repeal or limit §141, chapter 34, Laws of 1876, which appears in the Compiled Laws of 1885 as §141, chapter 107; as said §1, chapter 40, Laws of 1879, gives the land-owner two years in which to set aside "any and all tax deeds," where different or successive tax deeds upon the same sale have been put on record by the same party; not merely two years in which to set aside the last tax deed put on record by the same party, but two years in which to set aside "any and all" such different or successive tax deeds put on record, without regard to the length of time which the prior tax deeds, merged in the last tax deed, have been of record.

*Error from Shawnee Superior Court.*

ACTION brought by *Austin* against *Jones* and three others, to recover the possession of certain land in Shawnee county. The defendants answered in substance as stated in the opinion herein. The plaintiff replied as follows:

"That the said pretended tax sale of said premises by the treasurer of Shawnee county on the 5th day of May, 1874, the

said pretended tax deed to Josephine B. Thomas, executed by the county clerk of Shawnee county on the 8th day of May, 1877, and said pretended tax deed to Josephine B. Thomas, executed by the county clerk on the 6th day of October, 1880, and under which defendants claim, are invalid, because that a greater percentage of taxes for the current expenses of the county for the year 1873 was levied by the board of county commissioners of Shawnee county than was allowed by law, and for which said land was sold at said pretended tax sale; that included in the amount for which said land was sold, was the sum of sixty-eight cents, levied as a tax to pay bonds issued for a private purpose, and without a vote of the people; that included in the amount for which said land was sold at said pretended sale, was the sum of one dollar and seventy-seven cents as a penalty for the non-payment of said taxes, which was a greater amount than was allowed by law as a penalty for the non-payment of the legal taxes levied against said lands; that included in the amount for which said land was sold at said pretended sale, was the sum of twenty-five cents as a fee for the printer for publishing the notice of tax sale of said land, while only ten cents was paid by said board of county commissioners to the printer for publishing the said notice and advertisement, under a valid contract before that time entered into between them; that at the said pretended sale at which said land was sold, eight different purchasers present at said sale, including said B. J. Ricker (the person purchasing this land), combined together and with the county treasurer, and agreed that no tract of land should be bid off for less than the whole of said tract, and that there should be no competition; and pursuant to their said agreement, the said county treasurer at said tax sale assigned to each of said purchasers his place and number, and in regular rotation and number sold to each of said eight purchasers in his order the whole of one tract, and in that way disposed of the entire list of lands on which taxes were unpaid, including the land mentioned in plaintiff's petition, which was sold to B. J. Ricker in the manner aforesaid; that said pretended tax deed to Josephine B. Thomas, executed and delivered to her by the county clerk on the 8th day of May, 1877, is invalid and void on its face, because it shows that the land described in plaintiff's petition was offered and sold with other lands belonging to other persons, and not contiguous to or assessed with the same, and that said land mentioned in plaintiff's petition was sold for more than the total amount of taxes, interest and costs then [due]

and unpaid thereon; and because said deed does not describe, in the manner prescribed by law, the portion of said land for which said purchaser offered to pay the amount of his bid. A copy of said deed is hereto attached, marked 'Exhibit A,' and made a part hereof."

The defendants demurred generally to this reply. July 20, 1885, the court sustained the demurrer. To reverse this ruling, the plaintiff brings the case here. The facts appear in the opinion.

*A. Bergen,* and *Edwin A. Austin,* for plaintiff in error.

*G. C. Clemens,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought to recover the possession of eighty acres of land in Shawnee county. The defendants alleged in their answer that the land was subject to taxation for the year 1873; that the same was sold at a tax sale, May 5, 1874, for the delinquent taxes of 1873, to B. J. Ricker; that on May 1, 1877, Ricker assigned the tax-sale certificate to Josephine B. Thomas; that on May 8, 1877, the land not having been redeemed, Josephine B. Thomas obtained a tax deed thereon, which was recorded May 9, 1877; that subsequently, having been advised that the tax deed was void on its face, she obtained another tax deed, on October 6, 1880, which was recorded October 9, 1880; that on December 20, 1880, Josephine B. Thomas, and her husband, Jonathan Thomas, conveyed the land to the defendants; that the tax deed of October 6, 1880, had become absolute under § 143, chapter 107, Comp. Laws of 1885, before this action was commenced, as more than two years had elapsed after the recording of this second tax deed. The plaintiff in reply alleged various facts concerning the tax sales, which, if proved, are sufficient to avoid the tax deeds, if such defenses are not barred by the statute of limitation. The defendants demurred generally to this reply. The demurrer was sustained by the court, and of this ruling the plaintiff complains.

The question in this case arises over the construction of § 1, chapter 40, Laws of 1879, which amends § 143, chapter 34, Laws of 1876. The last tax deed, dated October 6, 1880, was put on record after the amendment of 1879 went into effect. This action was commenced October 27, 1884, nearly four years after the last tax deed was put on record, but less than five years from the recording of the same. Under the provisions of § 141, chapter 107, Comp. Laws of 1885, the owner of the fee out of possession may commence his action against the tax purchaser at any time within five years from the time of the recording of the tax deed. If said § 141 has not been repealed or limited by said § 143, chapter 107, Comp. Laws of 1885, plaintiff had five years from October 9, 1880, in which to commence his action. On the part of the plaintiff it is contended that § 1, chapter 40, Laws of 1879, which appears in the Compiled Laws of 1885 as § 143, chapter 107, does not bar this action.

On the part of the defendants it is claimed that said § 143, chapter 107, Comp. Laws of 1885, changes or limits § 141 of said chapter, in cases of this kind, to two years only.

There are no negative prohibitory words in said § 143. If possible, the two sections should be harmonized. All statues *in pari materia* are to be read and construed together, as if they formed parts of the same statute and were enacted at the same time. With our view of said § 143, it is not inconsistent with § 141. We do not think the legislature intended, by the adoption of said § 143, to shorten the time within which the original owner could maintain an action to set aside tax deeds upon land owned by him. Under a different construction, if the county clerk issued a defective deed at first, and the tax purchaser then procured a second deed regular upon its face, the original owner would be deprived of one, two, three or more years of the time which the five-year statute gives him in which to attack the possession or title of the tax purchaser. We think the legislature intended to extend rather than to limit the time of limitation. Under § 141 the land-owner has five years. If a defective or irregular tax deed has been recorded,

and no subsequent tax deed is taken out, the owner may com-
mence his action against the tax purchaser at any time within
five years; but if a second tax deed is taken out and recorded,
he has also two years thereafter in which "to set aside any or
all such tax deeds" upon his land.   While it is true that the
statute provides that all rights claimed by the tax-deed holder
under prior tax deeds are waived and merged into the second
or latest tax deed, such prior tax deeds may be to some extent
a cloud upon the title, and the owner may desire to have a
judicial determination thereof.  So if four or more years have
elapsed between the issuance and recording of the first tax
deed and the issuance and recording of the second tax deed,
the owner has two years after the last tax deed is recorded in
which to bring his action to set aside the prior tax deed, as well,
also, as the last tax deed.   The words in the section are, that
he has two years in which to set aside "any and all tax deeds."
The statute, as we construe it, will read as follows:

"In all cases where different or successive tax deeds upon
the same sale shall be put on record by the same party, or in
interest therewith, it shall be deemed and held that all rights
which might otherwise be claimed, [by the tax-deed holder,
and not by the original owner,] under all or any tax deed,
prior to the last one put on record, shall be deemed and held
to be waived, [by the tax-deed holder, and not by the original
owner,] and considered as merged in such last tax deed so
put on record; and in all cases where several tax deeds shall
be put on record by the same party, or in interest therewith,
that the party claiming to own the same land may maintain
an action for the recovery of the possession thereof, or to set
aside any or all such tax deeds, [not merely the last one, but
any or all, and without regard to the length of time which
some of them may have been in existence,] at any time within
two years from the taking effect of this act, [and as the words
'not thereafter' are omitted, the words 'or at any time within
the limitation fixed by other statutes' should be inserted,] and
in any case of the recording of such tax deed or deeds here-
after, then within two years from the time of putting on record
the last of such tax deeds, [or at any time within the limita-
tion fixed by other statutes.]" (Laws of 1879, ch. 40, § 1;
Comp. Laws of 1885, ch. 107, § 143.)

The construction here given permits § 143 to operate without repealing or limiting said § 141. This construction is also in accord with the decisions in *Myers v. Coonradt*, 28 Kas. 211; and *Corbin v. Bronson*, 28 id. 532.

The order and judgment of the superior court will be reversed, and the cause remanded with direction to overrule the demurrer filed to the reply.

All the Justices concurring.