HARRY AUSTIN v. THOMAS JONES *et al.*

47  565<br>51  152

PLEADING — *Supplemental Petition.* Where the facts existing at the time of and before the trial, in any case, would authorize the plaintiff to recover, provided they were properly pleaded and proved, but some of them, which were properly pleaded but are not sufficient to authorize a recovery, took place prior to the commencement of the action, and the others, which are not pleaded and are not sufficient to authorize a recovery, took place afterward, the plaintiff may, under § 144 of the civil code, set forth in a supplemental petition, upon such terms as to costs as the court might prescribe, the facts which took place after the commencement of the action; and it would be error for the court to refuse to permit the same to be done.

*Error from Shawnee District Court.*

EJECTMENT. A sufficient statement of the facts appears in the opinion. November 19, 1888, judgment for defendants, *Jones* and two others. The plaintiff, *Austin*, comes here.

*A. Bergen,* and *Edwin A. Austin,* for plaintiff in error.

*G. C. Clemens,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, and for rents and profits, brought in the district court of Shawnee county on October 27, 1884, by Harry Austin against Thomas Jones, Lizzie Jones, and Nathaniel Jones, to recover the west half of the northeast quarter of section 34, in township 12 south, of range 15 east, in said county. E. D. Jones was afterward, and on May 16, 1885, made a party defendant. Afterward, and on July 20, 1885, a demurrer of the defendants to the reply of the plaintiff was sustained by the court, and on October 18, 1885, the plaintiff, as plaintiff in error, brought the case to this court for review, making the defendants below defendants in error; and on October 8, 1887, the judgment of the district court was reversed, and the cause remanded for further proceedings. (*Austin v. Jones,* 37 Kas.

327, *et seq.*) The original petition was in form an ordinary petition in ejectment, and for rents and profits. The answer of the defendants set up as a defense to the plaintiff's action certain tax deeds; and the plaintiff's reply is copied in full in the case of *Austin v̇. Jones*, supra. After the case was returned from the supreme court to the district court, and on October 27, 1888, the plaintiff produced and asked leave of the court to file a supplemental petition, which reads, omitting caption and signature, as follows:

"Comes now said plaintiff, and for his supplemental petition, leave of court being first had to file the same, shows: That since the commencement of this suit there has been filed and recorded in the office of the probate judge of Shawnee county, Kansas, a duly-authenticated copy of the last will and testament of Alonzo Child, deceased, executed and proved in the city and county of New York, in the state of New York, according to the laws of the state of New York, together with the probate thereof by and in the surrogate's court in and for the county of New York, in the state of New York, with a duly-authenticated copy of proceedings of said surrogate's court in relation thereto; and that by said will, probate and proceedings of said court, duly recorded as aforesaid, William Dean, sole executor of the last will and testament of Alonzo Child, deceased, was authorized to sell and convey the land described in plaintiff's petition; that since the commencement of this suit, and subsequent to the filing and recording of said last will and testament and the probate thereof and proceedings in relation thereto, as aforesaid, said William Dean, sole remaining executor under said will, and in pursuance of the power and trust therein vested in him, made, executed and delivered to Edwin A. Austin his deed of conveyance as such sole remaining executor of the lands described in the plaintiff's petition, and since receiving said deed said Edwin A. Austin has made, executed and delivered to the plaintiff herein his deed of conveyance, conveying said lands to the said plaintiff; that prior to the commencement of this suit said Edwin A. Austin had made, executed and delivered his certain other deed of conveyance of said lands to this plaintiff for a valuable consideration, and prior to the execution and delivery of said first deed said Edwin A. Austin had contracted with said William Dean, as executor of the last will and testament of Alonzo Child, deceased, for the purchase of

said lands, and had paid to said Dean as executor aforesaid the purchase-money and consideration therefor, and said William Dean as executor aforesaid had made, executed and delivered to said Edwin A. Austin his certain deed of conveyance therefor; that prior to the commencement of this suit, and prior to the execution and delivery of said first deed by Edwin A. Austin to this plaintiff, said Edwin A. Austin had for a valuable consideration received a deed of conveyance of said lands, made, executed and delivered by one Pearley A. Child to said Edwin A. Austin; that prior to the commencement of this suit, and prior to the execution and delivery of said deeds by Pearley A. Child and said William Dean as executor aforesaid, the title to said lands, so far as the same appears of record in the office of the register of deeds of Shawnee county, Kansas, in which said land is situate, appears to be in said Pearley A. Child, and that although there appeared of record a deed purporting to be made, executed and acknowledged by one Peabody A. Child to said Alonzo Child, said Edwin A. Austin nor this plaintiff had no knowledge or information prior to the commencement of this suit that said Pearley A. Child had conveyed said land by deed made, executed and delivered by him prior to his said conveyance of the same to said Edwin A. Austin; that by reason of the record aforesaid, said Edwin A. Austin and this plaintiff were induced by the advice of counsel to rely on said deed by Pearley A. Child to Edwin A. Austin as conveying the legal title to said premises, and neglected to cause said duly-authenticated copy of the last will and testament of Alonzo Child, deceased, and of the probate thereof to be recorded in the office of and on the journals of the probate court of Shawnee county, before the execution and delivery of said first deed from William Dean as executor aforesaid; that since the commencement of this suit, and at the last term of this court, this plaintiff has discovered for the first time that said Pearley A. Child had, prior to the execution and delivery of his said deed to Edwin A. Austin, made, executed and delivered his certain deed of conveyance of said land to said Alonzo Child, since deceased, and that the register of deeds in recording and indexing the record of said deed, erroneously recorded and indexed the same as having been made, executed and acknowledged by Peabody A. Child, thereby misleading said Edwin A. Austin and this plaintiff. Wherefore plaintiff prays that he may be permitted to set up and show the facts herein alleged in addi-

tion and in supplement to plaintiff's petition, and that he have relief as prayed for in his original petition."

This supplemental petition was duly verified by affidavit. The court overruled the motion for leave to file this supplemental petition, and refused to permit it to be filed. Afterward, and on November 19, 1888, a trial was had before the court and a jury, which resulted in a general verdict of the jury and a judgment for costs by the court in favor of the defendants and against the plaintiff; and the plaintiff again, as plaintiff in error, brings the case to this court for review.

The first question presented by counsel for consideration in this court is, whether the court below erred or not in overruling the plaintiff's application for leave to file his supplemental petition. For the purposes of this question it is perhaps wholly unnecessary to state any of the facts which the evidence introduced on the trial tended to prove or disprove; and still we might say that the evidence introduced and offered on the trial tended to prove among other things the following: On January 15, 1873, and prior thereto, the original patent title to the property in controversy was in Pearley A. Child. After that time, and prior to the commencement of this suit, he executed one deed for the property to Alonzo Child, the record of which deed, however, shows that it was executed by *Peabody* A. Child, and not by *Pearley* A. Child, and afterward and before the commencement of this suit Pearley A. Child executed another deed for the property to E. A. Austin. Prior to the execution of this last-mentioned deed Alonzo Child died; and after his death William Dean, the executor of his last will and testament, executed two deeds for the property to E. A. Austin, one before the commencement of this action and the other afterward; and E. A. Austin executed two deeds for the property to the plaintiff, Harry Austin, one before the commencement of this action and the other afterward. Prior to the commencement of this action certain proceedings were had in the surrogate's court of the county and state of New York relating to the last will and testament of Alonzo Child, deceased,

and to his executors; and since the commencement of this suit certain other proceedings were had in the probate court of Shawnee county in this state relating to the same matters. The foregoing relates to the plaintiff's title. The defendant's title is founded upon certain tax deeds which, for the purposes of the question now under consderation, if not for the purposes of the entire case, must be considered as absolutely void. The defendants, however, have the actual possession of the property, which is some evidence of title, and casts the burden of proving a better title upon the plaintiff. Section 144 of the civil code provides as follows:

"Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

This court has repeatedly and uniformly held that supplemental pleadings may be filed, within the provisions of the foregoing section. (*Porter v. Wells,* 6 Kas. 453; *Clark v. Spencer,* 14 id. 398; *Simpson v. Voss,* 31 id. 227; *Williams v. Moorehead,* 33 id. 609; *Dreilling v. National Bank,* 43 id. 197.) See especially the case of *Williams v. Moorehead.* It would seem that the principal objections urged against this supplemental petition are, that the plaintiff asked leave to file it "precisely four years after the commencement of the action;" and that it constituted a departure from his original case, and an attempt to set forth a cause of action which he did not have at the beginning of the suit. We do not think that these objections are sufficient. As long as the suit continues undisposed of, the parties have the right under § 144 of the civil code to file supplemental pleadings, provided, of course, that they can bring themselves within the provisions of such section, even if it should be four or more years after the commencement of the action before they ask to file their supplemental pleading. Besides, the plaintiff in this case did not attempt by his supplemental petition to set up a new or independent cause of action, but simply attempted to set forth facts which took place subsequently to the commencement of his action,

for the purpose of perfecting or making better his original cause of action. The principal facts and nearly all the facts upon which the plaintiff seeks to recover took place prior to the commencement of the action, and the facts taking place afterward were intended to be used only in connection with those which took place prior thereto. It is possible under the facts of this case that the plaintiff should have recovered independent of his supplemental petition, for it does not require much of a title or estate to enable a party to recover as against a party having no title or estate except possession; but for the purposes of this case it is unnecessary to go into a consideration of this matter, for upon any theory the judgment of the court below must be reversed and the cause remanded for a new trial. Suppose that in any case the entire facts existing at the time of and before the trial would authorize the plaintiff to recover, provided they were properly pleaded and proved; but suppose that some of them, not sufficient to authorize a recovery, took place prior to the commencement of the action, and the others, also not sufficient to authorize a recovery, took place afterward: must the plaintiff be precluded from setting forth the subsequent facts in a supplemental petition, and be thereby defeated in the action? We think not, and we decide this case upon this theory.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.