BEN HUEY AND J. W. CRAWFORD v. IDA M. BRIMER
AND C. M. McSPADDEN, *partners under the firm name
of Brimer & McSpadden.*

**No. 602.**   ( 58 Pac. 485.)

1. ATTACHMENT—*Action against Sheriff—Void Writ.* In an action by a stranger to the writ, an attempted seizure of property under a void writ of attachment does not give the sheriff such a special interest therein as will enable him to attack the *bona fides* of a sale and delivery of such property.

2. PRACTICE, DISTRICT COURT—*Security for Costs—Poverty Affidavit.* A plaintiff may by showing his inability, through poverty, to comply with the rule requiring him to give additional security for costs excuse himself therefrom, and it is not error for the court in such case to relieve him from a compliance with the rule and permit him to proceed in the cause.

Error from Pottawatomie district court; WILLIAM THOMSON, judge. Opinion filed October 6, 1899. Affirmed.

*Irish & Brock*, for plaintiffs in error.

*D. V. Sprague*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J.: There is but one question presented by the record in this case. There are several assignments of error, but they all depend on the solution of the one question, and that is, In a suit by a stranger to a proceeding in attachment, can a sheriff justify under a writ which is void in fact although regular upon its face, and under such justification attack the validity of a sale by the debtors named in the attachment to the plaintiffs? The defendants in error, ignoring this question, say that before the present suit was commenced the attachment was dissolved by order of the court upon motion, and cite us to the record for

evidence supporting that proposition.  The record reads as follows :

"Attachment papers offered in evidence by the defendants in the case of the Gregory Grocery Company v. McSpadden Brothers.   Objected to by plaintiff's counsel.   By the court, overruled.   Sustained as to the order of the court dissolving the attachment in the case of the Gregory Grocery Company v. McSpadden Brothers."

Subsequently the plaintiffs offered as evidence in the case all the files in the case referred to.   But it is stated in the record that only three of the papers, to wit, the petition, the attachment, and the affidavit therefor, are incorporated in the record, and the others are omitted to save expense.   We find no order of the court discharging the attachment.   There is nothing in the record in reference thereto except the statement above quoted, which excludes the evidence, the only evidence competent to prove the fact.   Hence we cannot say that the record discloses that the attachment was dissolved before this case was begun, or before the trial, or at all.   The suit in which the attachment was issued consisted of one count for goods sold by the Gregory Grocery Company to McSpadden Brothers, and discloses the fact, as does the affidavit for attachment, that but a small part of the account was due at the time the suit was begun.   No order was obtained for an attachment as provided for in such cases.   It was not a case of irregularity upon the part of the clerk, but an entire absence of authority under the law.   Hence, we say it was not an irregular, voidable attachment, but a void attachment.   It has been held by the courts of New York that in such cases the officer is the agent of the attaching creditor.   In 2 Greenleaf on Evidence, paragraph 629, it is said :

"But in trespass  .  .  .  where the action is

Huey v. Brimer.

brought by a stranger whose goods have been wrongfully taken by the sheriff, under an execution issued against another person, the sheriff or his officers, justifying under the process, will be held to prove the judgment upon which it issued."

In *Mamlock v. White*, 20 Cal. 600, it is said:

" Proof of the debt would not be necessary in order to justify the sheriff in seizing the property, if in the possession of the attachment debtor, and was only necessary in this case in order to enable the defendant to place himself in a position to attack the sale to the plaintiff as being void against creditors."

It was objected that the proof failed to establish justification because the debt for which the attachment issued and the bond and affidavit were not proved. To the objection that the bond and affidavit were not proved, the court said that the defendant's answer alleged that the attachments were duly and regularly issued, and that this allegation was not denied. So that, although, in a suit between the sheriff and the defendant in the writ, the writ itself, when fair on its face, is sufficient justification, in a suit by a stranger against the sheriff he must go further and establish the validity of his process.

In this case the facts in regard to issuing the writ are admitted. So that the sheriff failed entirely to put himself in such an attitude as would authorize him to attack the validity and good faith of the sale of the goods by McSpadden Brothers to the plaintiffs, from whose possession the goods were taken and in whose possession the real property was at the time of the alleged trespass. Our attention is especially called to the case of *Matthews v. Densmore*, 109 U. S. 216, 3 Sup. Ct. 126. In that case the writ was not void but was simply irregular. Other cases are cited in which the defendant named in the attachment was the in-

terested party against the sheriff. In order to permit the sheriff to attack the good faith of a sale, the officer must be in a position to represent the right of a creditor. He must have a special interest in the property by reason of the levy of the writ thereon in behalf of the creditor whose right he represents. As to all others save creditors the title is good. We are of the opinion that he could acquire no such property under a writ in fact void, issued without authority of law, although it might be fair upon its face. In *Simpson v. Voss*, 31 Kan. 227, 1 Pac. 601, the court held that after the attachment was dissolved a sheriff could not justify his seizure of personal property thereunder upon the ground that the sale to the plaintiffs was fraudulent. The attachment was dissolved in that case because the grounds assigned therefor in the affidavit were found to be untrue. This being the law, the court did not err in giving its fifth instruction, which was to the effect that the sheriff, under the facts, could not attack the *bona fides* of the sale of the goods to the plaintiff; nor in refusing an instruction asked by the defendant to the contrary; nor in refusing to submit special questions of fact to the jury regarding this contention.

It is finally objected that the court erred in withdrawing from the jury the question of the ownership or title of the plaintiffs to the property seized by the sheriff. Under the evidence, uncontradicted as it was, regarding the sale and transfer by McSpadden Brothers to the plaintiffs, the court was justified in so doing. A verdict to the contrary could not have been sustained.

A further question is presented by the briefs and arguments of counsel that the court erred in permitting the plaintiffs to file an affidavit that they were

wholly unable to give security for costs in lieu of a bond therefor. We see no merit in this contention. It is a matter which must be left to the trial court to determine under the provisions of the statute. It is true that the statute says it may be done at the commencement of the action. But we are of the opinion that a reasonable and liberal construction of the statute authorizes a party who is unable to provide security for costs to make the affidavit whenever it becomes necessary to satisfy the court of that fact, even after the commencement of the suit, and after a rule upon the plaintiffs to furnish security. Otherwise justice might be denied one because he was poor. Legislative intention is necessarily to the contrary.

The judgment is affirmed.