RUTHERFORD ET AL VS MCDONALD ET AL.

Opinion delivered April 5, 1901.

*1.   Action—Forcible Entry and Detainer—Changed by Amendment to Ejectment.*

>   This action, as originally begun, was entitled, by the plaintiffs'
>   complaint, an action of forcible entry and detainer; but the
>   pleadings of both plaintiffs and defendants, and the issues
>   thereby joined and tried, and for the trial of which both par-
>   ties had prepared, were those of an action of ejectment. After
>   the introduction of some testimony the court allowed the
>   plaintiffs to amend their complaint by changing the name of
>   the action to ejectment, upon which the trial then proceeded.
>   *Held*, That this amendment was properly allowed under Mansf.
>   Dig. Sec. 5080 and 5083 (Ind. Ter. Stat. Secs. 3285, 3288), for it
>   did not substantially change the claim or defense; and the
>   fact that defendants had been required to give a bond as in
>   forcible entry and detainer cases, and that plaintiffs also had
>   a right to separate suit in ejectment, does not change the ap-
>   plicability of the statute cited to this case.

Appeal from the United States Court for the North-
ern District.

WILLIAM M. SPRINGER, Judge.

Action by C. C. McDonald and others against A. W.
Rutherford and others. Judgment for plaintiffs. Defend-
ants appeal. Affirmed.

It is shown in the transcript that on April 23, 1898,
appellees (plaintiffs below) filed their complaint against ap-
pellants (defendants below), as a complaint in forcible entry
and detainer, to recover possession of some 25 acres of land
described therein, and situated in the Cherokee Nation, in
the northern district of the Indian Territory, claiming to be
the owners of said land, and that the defendants (appel-
lants here) on or about December 20, 1897, took forcible

possession of said premises from appellees, and refused to deliver the same upon written demand from appellees; that the appellees filed the necessary affidavit and filed bond for the immediate delivery of said premises; that thereupon writ of possession and summons issued in said case, and was served on Rutherford and Austin, appellants, who in turn gave the statutory bond to retain possession of said premises. Appellants (defendants below) filed their answer in said cause on November 16, 1898, in which they admit that Ruthford, one of the appellees, was in the possession of the premises at the commencement of suit, and deny that Austin, one of the appellees, was in such possession; deny the chain of title of appellees, and set up a claim under chain of title in themselves. The issues in said cause were tried to a jury. After some testimony had been introduced by the plaintiffs (the appellees), they were, on motion, allowed to amend their complaint, over the objection and exception of appellants, so as to make the cause an action of ejectment, instead of one in forcible entry and detainer. No formal amendment appears in the record, except that the name of the action was changed from forcible entry and detainer to ejectment. All the issues remained as before, and the trial proceeded. Appellees introduced their testimony. Appellants introduced their testimony. The jury was charged by the court as to the law, exceptions being duly noted as to certain portions of the charge, and retired and returned a verdict in favor of appellees (plaintiffs below). Appellants (defendants below) moved for a new trial, which was overruled by the court under their exceptions; and the court thereupon rendered judgment upon the verdict in favor of appellees and against the appellants for costs, awarding a writ of restitution for the premises involved. From this judgment appellants appealed. Appellants assign eight specifications of error, the first and principal of which is: "(1) In permitting appellees to substitute the action of ejectment for forcible

(34)

entry and detainer in the trial of the action of forcible entry and detainer."

*Charles G. Watts* and *Marcum, Bailey & Owen,* for appellants.

*Bradley, Wells & Bonner* and *Hutchings & West,* for appellees.

GILL, J.  As to the specifications of error from 2 to 8, inclusive, the court has examined the instructions of the court below, and is of the opinion that they fully cover all the points necessary to be stated in the case, and accurately and comprehensively state the law governing, and that the court below committed no error in giving these instructions, and in refusing to give those asked by appellants.  The only question, then, that remains to be examined, is the error complained of in specification No. 1.  Did the court below err in substituting an action of ejectment for one begun as an action of forcible entry and detainer?  An examination of the pleadings in this case shows that the issues tried in the cause were those of an action in ejectment, instead of those in an action of forcible entry and detainer.  The amendment asked for by the plaintiff in the cause below, and allowed by the court, was a change in the name of the action, and not such an amendment as changed the issues to be tried.  The answer of the defendant in the action is just such an answer as he would have had to have filed in the case to have his title and possession of the premises tried in action of ejectment.  He was not surprised by the amendment, but in fact had treated the action up to the time that the amendment was asked as though it were an action of ejectment, had produced his witnesses, and was ready to go on with the trial and present his side of the issues in the case.  The statute (section 5080, Mansf. Dig.; section 3285, Ind. T. Ann. St. 1899) provides that "the court may at any time in furtherance of justice, and on such terms as may be proper, amend

*Margin note: Amendment Title of Action.*

any pleadings or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Under this section the court is given a wide discretion, in the furtherance of justice, to allow any mistake made in a pleading to be corrected, where it does not substantially change the claim or defense. In this case the claim and defense remained exactly as they were before the amendment was made. There was not even necessity for delaying the trial of the action, as both parties were ready to try the action as though it were one in ejectment. Under section 5083, Mansf. Dig. (section 3288, Ind. T. Ann. St. 1899), "the court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect." Here the court below saw that the substantial rights of both parties were presented by the pleadings in the action, and that they could proceed to a trial of the action without injury to either; and, in compliance with the directions of the statute, the court could not do otherwise than to proceed to try this action, instead of putting both parties to the expense and delays incident to the filing of a new cause. While in this case it is true that the appellants were necessitated to the giving of a bond to hold possession of the premises, it was at their own option whether they should or should not give the bond. Having given the bond, they retained possession of the premises, and consequently the mere fact that in forcible entry and detainer the plaintiffs could have acquired possession of the premises, and were endeavoring to do so, does not in the least change the power of the court, in the furtherance of justice, to treat this action and the pleadings there-

in as an action of ejectment, and to try the case as such. Nor does it make any difference that, because the plaintiffs had the right to institute a separate suit in ejectment under the statute, the court could not treat the action before it as one such.    We think there is no error in the judgment of the court below, and the same is therefore affirmed.

CLAYTON, C. J., and THOMAS and TOWNSEND, JJ., concur.