## WYNNEWOOD COTTON OIL CO. v. MOORE.

No. 4973.   Opinion Filed July 27, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 633.)

1.  **PLEADING—Supplemental Petition—Allowance.**  In the month of November, 1904, an action was commenced in the United States District Court for the Indian Territory to recover damages in the sum of $1,500 for a breach of contract under which the defendant agreed to furnish the plaintiff feed for certain cattle. On assumpton of statehood the case was transferred to the district court of the state, and in January, 1908, the plaintiff filed, in the same case, an amended and supplemental petition, alleging that after the commencement of the suit the parties submitted the matters in controversy to arbitration, and, after hearing the testimony, the arbitrators found that the defendant was indebted to the plaintiff in the sum of $969, and so returned their decision

Wynnewood Cotton Oil Co. v. Moore.

and award in writing, upon which the plaintiff prayed judgment for the amount of the award. **Held,** that the court did not commit error in overruling the defendant's motion to strike the amendment from the files.

2.    **PLEADING—Right to Amend.** The statutes, and also the decisions of the courts of this state, are extremely liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim.

(Syllabus by Robberts, C.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by W. R. Moore against the Wynnewood Cotton Oil Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. B. Thompson,* for plaintiff in error.

*Cruce, Cruce & Cruce* and *Blanton & Andrews,* for defendant in error.

Opinion by ROBBERTS, C. This action was commenced in the United States court at Pauls Valley, Indian Territory, on the 16th day of November, 1904, and on assumption of statehood was transferred to the district court of Garvin county, State of Oklahoma. Plaintiff sought to recover damages in the sum of $1,500, occasioned by the breach of a contract under which the defendant agreed to furnish the plaintiff with feed for certain cattle.

On the 18th day of January, 1908, the plaintiff filed a supplemental complaint, in which he reincorporated the allegations of the original complaint, and alleged that after the institution of the suit the parties had submitted the matters in controversy to arbitration, and that the arbitrators had found that the defendant was indebted

to the plaintiff in the sum of $969. The plaintiff there-
fore asked for judgment for the sum estimated by the
award of the arbitrators.

On the 30th day of January, 1908, the defendant
filed a motion to strike the supplemental complaint, upon
the ground "that it set up a cause of action different from
the one declared on in the original complaint." The
motion was overruled, and the defendant answered, deny-
ing all the allegations of the complaint, as well as all the
allegations of the supplemental complaint. Trial was
had to the court, which resulted in a judgment for the
plaintiff for the amount established by the award. From
this judgment, defendant brings error. For convenience
the parties herein will be designated plaintiff and de-
fendant, the same as below. In his petition in error,
counsel sets up some fourteen specifications of error, but
in his brief groups them into four general assignments,
as follows:

First: "The court erred in permitting the defend-
ant [here and below by "plaintiff" and "defendant" are
meant respectively "plaintiff in error" and "defendant in
error"] to file an amended complaint which set up an
entirely new cause of action accruing after the filing of
the complaint setting forth the original cause of action,
the cause of action declared upon in the amended com-
plaint having no connection whatever with the cause of
action declared upon originally, and depending upon an
entirely different state of facts, the original cause being
an action for damages for the alleged breach of. a con-
tract to furnish feed for cattle, and the amended cause
being an action for a sum of money which defendant al-
leged was due him by reason of an award of the arbitra-
tors to whom was submitted the controversy between
plaintiff and defendant set forth in defendant's original
complaint. And the court erred in refusing to strike

said amended complaint from the files and in overruling plaintiff's demurrer thereto, and permitting defendant to introduce evidence in support thereof, and in rendering judgment thereon."

Second: "The decision of the court is not supported by the weight of the testimony, is contrary to the weight of the testimony, and the court erred in rendering judgment in favor of the defendant and against the plaintiff."

Third: "The court erred in rendering a decision herein in favor of the defendant and against the plaintiff, and fixing the interest at the rate of six per cent. per annum in the absence of all proof relative to interest."

Fourth: "The court erred in overruling plaintiff's motion for a new trial, to which action of the court plaintiff then and there excepted, and still excepts."

The general assignments will be taken up in the order in which they are charged in the brief.

In support of the first contention defendant insists that the court erred in permitting the plaintiff to amend his petition by alleging that after the institution of this suit the parties had by agreement submitted the matters in controversy to arbitration, and that the arbitrators, after hearing the evidence, had found that the defendant was indebted to the plaintiff in the sum of $969, and rendered and returned their award in writing to that effect, and upon which said award the plaintiff prayed judgment. In this same assignment counsel contends that the court erred in overruling his motion to strike the amended and supplemental petition from the files, for the reason that it states and seeks to recover on a new and different cause of action.

Some controversy arose between counsel as to whether this should be designated as an amended or a

supplemental petition. As we look at it, this is a contention over an immaterial matter—a distinction without a difference. If there is a distinction, to our mind, upon a close technical ruling, we would be inclined to say that it is an amendment to the petition, for the reason that it is not a new cause of action as contemplated under the Code, prohibiting amendments which change or set up a new or different claim.

The original action was to recover upon a breach of contract for failure to furnish feed for cattle. After the arbitration and amendment to the petition the action was to recover upon the same claim. There was no change of claim or cause of action. At most, it was an allegation of facts material to the case, accruing after the filing of the first or former complaint. It is also immaterial whether the proceeding was taken under the Oklahoma or Arkansas Code of Civil Procedure, for the reason that they are practically the same.

Section 4795, Rev. Laws 1910, which was in force at the time of filing the amendment, is as follows:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case, occurring after the former petition, answer, or reply."

And section 5084, Mansfield's Digest of the Laws of Arkansas, also in force in the Indian Territory prior to and at the time the case was commenced, is as follows:

"The plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint, answer or reply, alleging facts material to the case oc-

curring after the filing of the former complaint, answer or reply."

The Oklahoma statute, if there was any difference, should control, affecting, as it does, only the remedy. Our statute was taken from section 4227, Kansas Code, and, having the subject under consideration,. the Supreme Court of Kansas, before the adoption of the Kansas Code of Civil Procedure by Oklahoma, in *Austin v. Jones,* 47 Kan. 565, 28 Pac. 621, uses the following language:

"Section 144 of the Civil Code (Gen. St. 1889, sec. 4227) provides as follows: 'Either party may be allowed, on notice, and on such terms as to costs as the court may prescribe, to file a supplemental petition, answer, or reply, alleging facts material to the case occurring after the former petition, answer, or reply.' This court has repeatedly and uniformly held that supplemental pleadings may be filed within the provisions of the foregoing section. *Porter v. Wells,* 6 Kan. 453; *Clark v. Spencer,* 14 Kan. 398 [19 Am. Rep. 96]; *Simpson v. Vose,* 31 Kan. 227, 1 Pac. 601; *Williams v. Moorehead,* 33 Kan. 609, 7 Pac. 226; *Drielling v. Bank,* 43 Kan. 197, 25 Pac. 94 [19 Am. St. Rep. 126]. See especially the case of *Williams v. Moorehead.* It would seem that the principal objections urged against this supplemental petition are that the plaintiff asked leave to file it 'precisely four years after the commencement of the action,' and that it constituted a departure from his original case and an attempt to set forth a cause of action which he did not have at the beginning of the suit. We do not think that these objections are sufficient. · As long as the suit continues undisposed of the parties have the right, under section 144 of the Civil Code, to file supplemental pleadings, provided, of course, that they can bring themselves within the provisions of such section, even if it should be four or more years after the commencement of the action before they ask to file their supplemental

pleadings. Besides, the plaintiff in this case did not attempt by his supplemental petition to set up a new or independent cause of action, but simply attempted to set forth facts which took place subsequently to the commencement of his action, for the purpose of perfecting or making better his original cause of action. The principal facts, and nearly all the facts, upon which the plaintiff seeks to recover, took place prior to the commencement of the action; and the facts taking place afterwards were intended to be used only in connection with those which took place prior thereto."

In *Cedar Valley Land & Cattle Co: v. Coburn* (C. C.) 29 Fed. 586, Justice Brewer, having before the court practically the same question involved herein, said:

"Where it appears that after the issues were joined the parties entered into an agreement of compromise, and, a dispute having arisen as to the true meaning and intent of that agreement, the parties appeared before the court, presented a petition for a decree, and submitted all the facts as clearly and fully as this might have been done under a supplemental bill, no objection on account of form being suggested, and where the court, upon such hearing, construed the agreement of compromise, and entered a decree in accordance therewith, neither party will be permitted thereafter to raise a mere question of form. The decree thus rendered cannot be attacked on the ground that there was no supplemental bill filed."

Upon consideration of the Arkansas statute, in force in the Indian Territory prior to and at the time of the commencement of the action, in *Rutherford v. McDonald,* in the Court of Appeals of that territory, reported in 3 Ind. T. 512, 61 S. W. 989, Judge Gill says:

"Did the court below err in substituting an action of ejectment for one begun as an action of forcible entry and detainer? An examination of the pleadings in this case shows that the issues tried in the cause were those

of an action of ejectment, instead of those in an action in forcible entry and detainer. The amendment asked for by the plaintiff in the cause below, and allowed by the court, was a change in the name of the action, and not such an amendment as changed the issues to be tried. The answer of the defendant in the action is just such an answer as he would have had to have filed in the case to have his title and possession of the premises tried in action of ejectment. He was not surprised by the amendment, but, in fact, had treated the action up to the time that the amendment was asked as though it were an action of ejectment, had produced his witnesses, and was ready to go on with the trial and present his side of the issues in the case. The statute (section 5080, Mansf. Dig.; section 3285, Ind. T. Ann. St. 1899) provides that 'the court may at any time in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved.' Under this section the court is given a wide discretion, in the furtherance of justice, to allow any mistake made in a pleading to be corrected, where it does not substantially change the claim or defense. In this case the claim and defense remained exactly as they were before the amendment was made. There was not even necessity for delaying the trial of the action, as both parties were ready to try the action as though it were one in ejectment. Under section 5083, Mansf. Dig. (section 3288, Ind. T. Ann. St. 1899), 'the court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.' Here the court below saw that the substantial rights of

both parties were presented by the pleadings in the action, and that they could proceed to a trial of the action without injury to either; and, in compliance with the directions of the statute, the court could not do otherwise than to proceed to try this action, instead of putting both parties to the expense and delays incident to the filing of a new cause."

In *Jenkins v. Int. Bank,* 127 U. S. 484, 8 Sup. Ct. 1196, 32 L. Ed. 189, Justice Matthews says:

"In support of this proposition it is argued on behalf of the plaintiff in error that the supplemental bill set out and sought a recovery upon a cause of action distinct from that stated in the original bill. The original bill prayed for a decree against Walker upon his notes held by the bank, and for the satisfaction thereof a sale of the property held as security therefor. During the pendency of that bill precisely the same matters were put in issue in the Wilshire suit between Walker and the bank, and in that suit a decree was rendered finding the amount due. That decree in the Wilshire suits stands unreversed, and operated as an estoppel by way of *res adjudicata* between the parties. By way of proof or in pleading it would be good as a bar in any subsequent suit between the same parties upon the same issues. Having been rendered after the institution of the present suit, it was competent for the complainant to bring it forward by a supplemental bill as conclusive evidence of the amount due for which it was entitled to take a decree and as a complete answer to the defense set up by the plaintiff in error as the assignee of the bankrupt to the relief prayed for in the original bill, and to the relief sought by the cross-bill. It was strictly new matter arising after the filing of the bill, properly set up by way of supplemental bill, in support of the relief originally prayed for. It can in no sense be considered as a new cause of action. It was not a bill to enforce the decree, nor was the complainant obliged to rely upon

it as the sole ground of recovery, on the ground that the original cause of action had become merged in it. If the notes were merged in the decree, it was simply a change in the nature of the evidence to support the complainant's title to relief; the indebtedness remained the same, and the equity of the complainant to a foreclosure and sale of the securities remained unchanged."

This question has frequently been passed upon by this court, and the matter seems to be fully determined against the contentions of counsel for defendant. In the case of *Fort Produce Co. v. Grain & Produce. Co.,* 26 Okla. 15, 108 Pac. 407, Justice Hayes quotes with approval from Supreme Court of Kansas in the case of *Culp v. Steere,* 47 Kan. 746, 28 Pac. 987, wherein that court held that an amendment which even changes the cause of action might be permitted, provided it did not substantially change the plaintiff's claim. In the case of *Trower v. Roberts,* 30 Okla. 215, 120 Pac. 617, the court permitted an amendment which set up a new cause of action, on the theory that it did not change the plaintiff's claim. The authorities referred to in that case distinctly announce that an amendment which sets up a new cause of action may be permitted, provided it does not change substantially the plaintiff's claim, and comes within the language of the Oklahoma statute.

Whether the pleading objected to is to be treated as an amendment or as a supplemental petition, or whether it is to be governed by statutes of Oklahoma or Arkansas as to amendment of pleadings, the facts set up in the amendment to the petition were not a substantial departure from the matters set up in the original petition. In both instances the plaintiff sought to recover upon the same claim; the only difference being that in

the amended or supplemental petition the plaintiff sought to show that the amount of his claim against defendant had been settled and fixed by arbitration after the commencement of the suit. The only possible effect this amendment could have would be upon the testimony necessary to establish the claim, but it could in no sense change the cause of action or the nature of the plaintiff's demand against the defendant. He must recover in both instances, if at all, upon his claim for damages for failure to furnish feed for his cattle.

In *Simpson v. Vose,* 31 Kan. 227, 1 Pac. 601, the Supreme Court of Kansas lays down the following rule:

"Supplemental pleadings, like amended pleadings, are largely within the discretion of the trial court, and error will lie only when an abuse in that discretion is shown; but supplemental pleadings embracing subsequent facts are generally permitted by the courts."

There was no abuse of discretion in allowing the amendment, but, on the other hand, it was a ruling plainly in furtherance of justice.

From the foregoing it is plain that the statutes governing the rules for amendment of pleadings are substantially the same in Kansas, Arkansas, and Oklahoma, and it is also settled, according to all the decisions of these states, that the court did not err in overruling the motion of defendant to strike the amended and supplemental petition.

The second assignment submitted in defendant's brief, that "the decision of the court is not supported by the weight of the testimony and is contrary to law," is untenable, for the reason that the facts were passed upon by the lower court, and under the rule will not be dis-

turbed by this court. We may add, however, that we have read the evidence and fully approve the findings of the court in that particular.

The third contention of counsel, that "the court erred in fixing interest at the rate of 6 per cent. per annum in the absence of all proof relative to interest," cannot be sustained, for the reason that counsel cites no authority and gives no reason in his argument why plaintiff should not be allowed interest. The presumption is that the law is and was the same in the Indian Territory as it is in Oklahoma, and, under the laws of the Territory and State of Oklahoma, it would not be reversible error to allow interest at 6 per cent.

The fourth assignment, that the court erred in overruling the defendant's motion for new trial, presents the same questions hereinbefore disposed of, and no authorities are cited nor additional argument suggested by counsel on that assignment. From a general view of the case, as shown by the evidence and sustained by the authorities, we fully approve the action of the court in overruling the motion for new trial and in rendering judgment for the plaintiff.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Upon a careful examination of the entire record, we are unable to find that the court committed error, but, on the contrary, do find that the case was tried in an able and careful manner, and should be affirmed.

By the Court:  It is so ordered.